KATHERINE GLEMBOSKI *v.* LEON GLEMBOSKI ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued June 3—decision released July 14, 1981

*Richard L. Goldblatt,* for the appellant (plaintiff).

*Paul B. Groobert,* for the appellees (defendants).

ARMENTANO, J. This appeal challenges the propriety of an order dismissing an appeal from a probate court decree which allowed and approved an executor's final account and ordered distribution of an estate.

The evidence established the following facts: On February 4, 1969, Joseph Glemboski died. In his will he had established a testamentary trust for the benefit of his widow, the plaintiff Katherine Glemboski, during her life, with the remainder equally to three of his adult children, Leon Glemboski, Edward Glemboski, and Helen Long. These children are the defendants in the present case. Upon application of the defendant Leon Glemboski, as executor of the estate, on February 13, 1970 the Probate Court awarded the plaintiff $400 per month widow's allowance retroactive to March, 1969.[1] Although the executor tendered payment, the plaintiff refused to accept the allowance checks.

Another son, Thomas Glemboski, who was expressly excluded from receiving under the will, contested the admission of the will to probate. In the year prior to his death, the father had trans-

[1] A probate court has discretion to order an allowance for support of the surviving spouse which is "necessary for the support of the surviving spouse . . . of the deceased during the settlement of the estate." General Statutes § 45-250 (a); see General Statutes § 45-250 (b).

ferred his oil business to Thomas. More than five years after their father's death, Thomas, his brothers and sister finally settled the will contest by entering into an agreement dated June 28, 1974. Among other provisions, they agreed that Thomas and his wife would receive $5500 as reimbursement for expenses paid on behalf of the plaintiff and that the plaintiff would receive $100 per month living expenses from trust funds retroactive to April, 1974. The agreement expressly provided for an increase if $100 were insufficient to meet her living expenses. The plaintiff was not a party to the agreement.

In response to the executor's motion to modify and terminate the widow's allowance in accordance with the agreement, an ex parte probate decree of December 12, 1974 retroactively limited the widow's allowance to $5500 and ordered the allowance terminated as of the date that amount had accrued. The plaintiff has not appealed from that decree. The plaintiff, however, did timely appeal from the January 7, 1975 probate decree allowing and approving the final account of the executor and ordering distribution of the estate. The final account did not include any widow's allowance as an outstanding credit against the estate. Of six claims on the appeal, all were subsequently withdrawn except a challenge to the executor's failing to credit amounts allegedly due and payable to the plaintiff as a widow's allowance. The trial court dismissed the appeal on the grounds (1) that the adequacy of a widow's allowance cannot be collaterally attacked on an appeal from the final account of an estate; and (2) that the Probate Court was correct in retroactively modifying the allowance. The plaintiff

appeals to this court from the dismissal of her appeal, claiming that the trial court erred on each of these grounds.

The plaintiff's first claim is that because the plaintiff's appeal from the allowance and the approval of the final account was a proper manner in which to challenge the adequacy of the widow's allowance, the trial court erred in granting the motion to dismiss. On an appeal from an allowance and an approval of a final account, the trial court can "only go so far as to hold that [an item] was not a proper credit." *Williamson's Appeal,* 123 Conn. 424, 426, 196 A. 770 (1937). Determination of a credit's propriety should be limited to consideration of whether the executor in preparing the account both satisfied his fiduciary obligations and complied with applicable court orders. Cf. *Carten* v. *Carten,* 153 Conn. 603, 616, 219 A.2d 711 (1966); *Reiley* v. *Healey,* 122 Conn. 64, 71–72, 187 A. 661 (1936); *Matthies* v. *Hackett,* 24 Conn. Sup. 470, 473–74, 194 A.2d 532 (1960). Although the propriety of the executor's entries has not been raised in this appeal, the plaintiff indirectly challenges the order modifying the widow's allowance, which order is the reason the executor omitted a credit for the widow's allowance in the final account.

"An appeal from the court's acceptance of the administration account . . . is not the proper way to attack the propriety of [a support] allowance, since this would be an improper collateral attack upon the allowance decree." 2 Locke & Kohn, Conn. Probate Practice (1951) § 392; Wilhelm & Folson, Connecticut Estates Practice: Settlement of Estates (Rev. Ed. 1974) § 120; see *Williamson's Appeal,* supra, 426–27. A collateral attack is a pro-

cedurally impermissible substitute for a direct attack on a prior judgment. See, e.g., *A. D. Juilliard & Co.* v. *Johnson*, 166 F. Sup. 577, 586 (S.D.N.Y. 1957), aff'd, 259 F.2d 837 (2d Cir. 1958), cert. denied, 359 U.S. 942, 79 S. Ct. 723, 3 L. Ed. 2d 676 (1959); *Lampson Lumber Co.* v. *Hoer*, 139 Conn. 294, 297, 93 A.2d 143 (1952); note, "The Value of the Distinction Between Direct and Collateral Attacks on Judgments," 66 Yale L.J. 526, 533 (1957). Because the plaintiff did not appeal from the order modifying the widow's allowance, the trial court did not err in dismissing her collateral appeal from the allowance and the approval of the final account.

The plaintiff's second claim is that the trial court erred in ruling that a widow's allowance may be modified retroactively. We need not reach this issue because the trial court erred in considering it at all. With respect to the proper manner of appeal, we find no distinction between a challenge to an order limiting a widow's allowance and a challenge to an order limiting the widow's allowance retroactively. Both issues should have been raised in an appeal from the modifying order, not from the allowance and approval of the final account implementing the order. A trial court should not determine matters outside the scope of proper appeals from probate decrees. *Matthies* v. *Hackett*, supra, 475.

Although the trial court erred in considering the issue of retroactive modification, the court did not err in dismissing the appeal from the allowance and approval of the final account as an improper collateral attack upon a prior order. If the judgment of a trial court is correct it will stand, regard-

less of the validity of the court's theory. See, e.g., *Carlson* v. *Kozlowski,* 172 Conn. 263, 265, 374 A.2d 207 (1977); *Groton* v. *Commission on Human Rights & Opportunities,* 169 Conn. 89, 101, 362 A.2d 1359 (1975). We, therefore, affirm the trial court's dismissal of the appeal.

There is no error.

In this opinion the other judges concurred.