PHILIP BERNSTEIN ET AL. *v.* BERNARD BUSKER
(2778)

BORDEN, SPALLONE and DALY, Js.

Argued May 16—decision released July 23, 1985

*Raymond W. Beckwith,* for the appellants (plaintiffs).
*Raphael Korff,* for the appellee (defendant).

DALY, J. The plaintiffs commenced this action to recover monies still due on a mortgage note after a foreclosure sale. The defendant filed a counterclaim[1] seeking the reconveyance from the plaintiffs[2] of a parcel of land which he claimed was erroneously included in the mortgage deed. From the judgment rendered in favor of the defendant on the counterclaim, the plaintiffs have appealed.[3]

The factual situation does not appear to be in dispute. The defendant was the owner of three parcels of land located in the town of Wales, Massachusetts. One parcel consisted of 185 acres, the second parcel consisted

---

[1] The counterclaim is the only matter on appeal.

[2] The plaintiff Jean Bernstein has since deceased but nothing has been done to substitute a legal representative party for her. Since title to the property was jointly held in survivorship, ostensibly title now reposes in the plaintiff Philip Bernstein, her husband.

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

of 53 acres and the third parcel consisted of 41 acres. On or about May 30, 1975, the plaintiffs loaned the sum of $50,000 to the defendant in return for which the defendant executed a mortgage note and deed describing the three parcels. The defendant claims that the 41 acre parcel was included in the mortgage deed by mistake. When the defendant defaulted in the payments on the note, the plaintiffs instituted a foreclosure action in Massachusetts and purchased the entire property (consisting of all three parcels) at the foreclosure sale. The defendant protested the sale of the 41 acre parcel, but neglected to take any preventive action, despite being advised of the various remedies available.

When the plaintiffs sought to recover a deficiency judgment against the defendant, he filed this counterclaim seeking equitable relief. The trial court found for the defendant, and ordered the plaintiffs to reconvey the land to the defendant upon the condition that the defendant hold the plaintiffs harmless from any possible monetary damages due to a third party claiming title.[4]

The plaintiffs claim that the trial court erred (1) in ruling that the defendant, an experienced real estate broker, could equitably assert title to a Massachusetts parcel of land when he admitted that he had not read the mortgage deed whereby the lien was created thereon, (2) in finding that the 41 acre parcel was not included in the mortgage deed, (3) in determining that the defendant could ignore the Massachusetts foreclosure law and was not obligated to take any steps to protect his rights thereunder, and in further determining that he was entitled to equitable relief in Connecticut even though the defendant's claims under Massachusetts law were barred by the statute of limi-

[4] The plaintiffs entered into an agreement to sell the three parcels. The 185 acre and 53 acre parcels have been sold. The sale of the 41 acre parcel has been forestalled due to this litigation.

tations, and (4) in taking jurisdiction over this case because all parties were Connecticut residents, despite the fact that the realty is located in Massachusetts.

We will consider the third issue since that is dispositive of this appeal.

It is settled law that "a judgment in a former action between the same parties and upon the same cause of action is conclusive upon the parties to a subsequent action as to every question which was or might have been presented or determined in the former action." *Lechner* v. *Holmberg,* 165 Conn. 152, 155–56, 328 A.2d 701 (1973), quoting *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 218, 10 A.2d 687 (1940). It is clear that the requirements of res judicata have been satisfied, since the parties herein and the 41 acre parcel were involved in the Massachusetts foreclosure proceedings, from which the defendant sought no relief, in Massachusetts.

There is error in part, the judgment on the counterclaim is set aside and the case is remanded with direction to render judgment for the plaintiffs on the counterclaim.

In this opinion the other judges concurred.