GENNARINI CONSTRUCTION COMPANY, INC. *v.* MESSINA
PAINTING AND DECORATING COMPANY
(5106)

SPALLONE, DALY and NORCOTT, Js.

Argued March 10—decision released August 16, 1988

*Sharon Wicks Dornfeld,* for the appellant (defendant).

*Ernest C. LaFollette,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the trial court's denial of its postjudgment motion for supplemental interest and attorney's fees, filed pursuant to General Statutes § 49-41a.[1] We find no error.

The facts pertinent to this appeal, and a recounting of the procedural maze this case has traversed, are as follows. The plaintiff, Gennarini Construction Company, Inc., and the defendant, Messina Painting & Decorating Company, were, respectively, the general

___

[1] "[General Statutes] Sec. 49-41a. ENFORCEMENT OF PAYMENT BY GENERAL CONTRACTOR TO SUBCONTRACTOR AND BY SUBCONTRACTOR TO HIS SUBCONTRACTORS. (a) When any public work is awarded by a contract for which a payment bond is required by section 49-41, the contract for the public work shall contain the following provisions: (1) A requirement that the general contractor, within thirty days after payment to the contractor by the state or a municipality, pay any amounts due any subcontractor, whether for labor performed or materials furnished, when the labor or materials have been included in a requisition submitted by the contractor and paid by the state or a municipality . . . .

"(b) If payment is not made by the general contractor or any of its subcontractors in accordance with such requirements, the subcontractor shall set forth his claim against the general contractor and the subcontractor of a subcontractor shall set forth its claim against the subcontractor through notice by registered or certified mail. Ten days after the receipt of that notice, the general contractor shall be liable to its subcontractor, and the subcontractor shall be liable to its subcontractor, for interest on the amount due and owing at the rate of one per cent per month. In addition, the general contractor, upon written demand of its subcontractor, or the subcontractor, upon written demand of its subcontractor, shall be required to place funds in the amount of the claim, plus interest of one per cent, in an interest-bearing escrow account in a bank in this state, provided the general contractor or subcontractor may refuse to place the funds in escrow on the grounds that the subcontractor has not substantially performed the work according to the terms of his or its employment. In the event that such general contractor or subcontractor refuses to place such funds in escrow, and the party making a claim against it under this section is found to have substantially performed its work in accordance with the terms of its employment in any arbitration or litigation to determine the validity of such claim, then such general contractor or subcontractor shall pay the attorney's fees of such party."

contractor and a painting subcontractor performing work on a public works project in Danbury. A dispute arose between the parties over amounts the defendant claimed due under the subcontract. In November of 1983, pursuant to the contract, the dispute was submitted to arbitration.

The defendant prevailed in the arbitration proceedings and, in conformity with the submission,[2] was accorded the appropriate awards[3] on February 3, 1984.

On March 5, 1984, the plaintiff filed an application in the Superior Court to vacate the award. On the next day, the defendant filed a motion to confirm the award. Incorporated in the defendant's motion was a proposed order which read in pertinent part: "Upon the foregoing application seeking confirmation of the Arbitrator's award referred to therein, it is hereby ordered that said award be confirmed and a supplemental award of interest and attorney's fees be granted in the amount of $____."

---

[2] The following submission was made to the arbitrator:

"1. Does Gennarini Construction Co., Inc., owe Messina Painting & Decorating Co. any money pursuant to a subcontract entered into on December 1, 1982 for painting work on the Old Danbury Jail Rehabilitation Project? If so, how much money does Gennarini owe Messina?

"2. Does the Arbitrator have authority to enter a remedy under Section 49-41a (b) of the General Statutes? If so, should the statute be applied in this case and, if so, what shall the remedy be?"

[3] In its decision, the arbitrator made the following awards:

"1. Gennarini Construction Co., Inc., does owe Messina Painting & Decorating Co. money pursuant to a subcontract entered into on December 1, 1982 for painting work on the Old Danbury Jail Rehabilitation Project. Gennarini owes Messina $4874.42, plus $250 for caulking work added to the subcontract price by mutual agreement, for a total of $5124.42.

"2. The Arbitrator does have authority to enter a remedy under Section 49-41a (b) of the General Statutes. That statute should be and is hereby applied in this case. In addition to the amounts specified in my Award with respect to the first issue, set forth above, I hereby direct Gennarini to pay Messina the sum of $358.71 representing interest and $2969 representing reasonable fees of an attorney."

On June 1, 1984, the defendant filed a separate motion for order, again seeking supplemental interest and attorney's fees for its defense of the application to vacate the arbitrator's award.[4]

On September 20, 1984, the court, *Meadow, J.,* filed a memorandum of decision and judgment entered thereon.[5] On that same date, the court signed the order annexed to the March 6, 1984 motion to confirm, but the portion which ordered that "a supplemental award of interest and attorney's fees be granted" was stricken. The judgment, therefore, denied the plaintiff's application to vacate and confirmed the existing award in favor of the defendant.

On October 8, 1984, the plaintiff filed an appeal of that judgment to this court. On October 9, 1984, the defendant, not knowing that an appeal had been taken by the plaintiff, filed yet another motion for an order of supplemental interest and attorney's fees for its successful defense of the plaintiff's motion to vacate the arbitrator's award. The trial court, *Zoarski, J.,* concluding that the taking of an appeal by the plaintiff precluded it from addressing the defendant's postjudgment motion, withheld decision and recommended that the defendant reclaim the motion after the conclusion of the appeal. The defendant seemingly acquiesced to the court's refusal to rule on the motion.

During the presentation of the plaintiff's appeal to this court, the defendant filed a preliminary statement of issues; see Practice Book § 4013; raising the claim that the trial court erred in its failure to award it the supplemental monies it sought. By decision issued in August, 1985, this court found no error in the affir-

[4] The record indicates that this individual motion for an award of supplemental attorney's fees and interest was never decided.

[5] By agreement of the parties, the plaintiff's motion to vacate and the defendant's motion to confirm were heard and decided together by the trial court.

mance of the arbitration award by the trial court. *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.*, 5 Conn. App. 61, 496 A.2d 539 (1985) (*Gennarini I*). This court, however, declined to address the defendant's claim of error concerning the supplementary award on the ground that the issue was not properly raised.[6]

Soon after the release of *Gennarini I*, the defendant returned to the trial court and reclaimed the October 9, 1984 motion for order which had been passed. Oral argument was held before the trial court, *Maiocco, J.*, on October 7, 1985. Not having received any response concerning the outcome of this argument, the defendant again reclaimed the motion on April 11, 1986. Four days later, the defendant was notified, via a notation on the claim slip, that the motion for order had been

---

[6] The defendant's failings on appeal were explicitly discussed in *Gennarini I:* "We do not address the merits of the defendant's claim that the trial court erred in failing to award supplemental interest and attorney's fees under General Statutes § 49-41a (b). The defendant did not file a cross appeal raising this issue. Practice Book § [4005]; and the claim is not properly before us. *Connecticut National Bank* v. *Nagy*, 2 Conn. App. 448, 449, 479 A.2d 1224 (1984). The defendant claims that there was no judgment or decision from which it could properly cross appeal under Practice Book § [4005] because the trial court did not rule on the issue of supplementary interest and attorney's fees in its memorandum of decision and because the court 'passed' the issue pending this appeal when the defendant filed a postjudgment 'Motion for Order' requesting a particular financial award. The trial court's failure to rule on this issue, however, did not authorize the defendant to disregard the rules of court; rather, the defendant's remedy was to use the rules of practice to secure a ruling by the trial court on this issue, for this court to review.

"A motion for rectification addressed to the trial court pursuant to Practice Book § [4051], followed by a motion to review addressed to this court under Practice Book § [4054], if necessary, would have been appropriate. Alternatively, the defendant could have requested that this court order the trial court to complete the record pursuant to Practice Book §§ [4183] and [4053]. Since the defendant did not follow any of these procedures, the issue is not a proper subject of review for this court. *Connecticut National Bank* v. *Nagy*, supra, 449." (Footnotes omitted.) *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.*, 5 Conn. App. 61, 66–67, 496 A.2d 539 (1985).

denied by the court, *Maiocco, J.,* on February 3, 1986. The defendant filed this appeal from the denial of its motion on May 2, 1986.

On March 26, 1987, in response to a directive from this court, the trial court issued a memorandum of decision articulating the basis for its denial of the motion for order. In the memorandum, the court expressly stated that it was "satisfied that the subject matter of fees and interest, whether prior to or subsequent to the arbitrator's decision, was fully before the trial court, [*Meadow, J.,*] and that the trial court, in effect, rejected the defendant's request to supplement the arbitrator's award, by confining its determination to a confirmation of the particular award itself."

This decision clearly indicates that Judge Maiocco, on the basis of the record before him, determined that the issue of supplemental fees had been fully presented to and decided by Judge Meadow, and thus, the defendant was barred under the doctrine of res judicata from raising this claim once again.

The dispositive issue of this appeal, therefore, is whether Judge Maiocco properly decided that the defendant was foreclosed from litigating its claim that it was entitled to supplemental fees. We conclude that he did.

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 218, 10 A.2d 687 (1940); 46 Am. Jur. 2d, Judgments § 394, pp. 558–59. The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. To prevent multiplicity of

actions equity will enjoin further litigation of a cause of action which has already been adjudicated. *Local 1219* v. *Connecticut Labor Relations Board,* 171 Conn. 342, 355, 370 A.2d 952 (1976). If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778 (1952)." *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559–60, 436 A.2d 24 (1980).

The first determination to be made is whether this claim was properly raised and decided on its merits before Judge Meadow. We agree with the trial court's finding that the issue of supplemental attorney's fees for the defense of the plaintiff's motion to vacate the arbitration award was raised explicitly in the first action in the Superior Court. Not only was a demand made in the body of the motion to confirm the arbitration award which the defendant filed on March 5, 1984, but a second, independent request was made for this award approximately three months later. See footnote 4, supra. We do not doubt that Judge Meadow was aware of the claim the defendant was making. Considering the court's awareness of the requested award, the affirmative act of striking from its order any reference to supplemental attorney's fees is seen more clearly as a denial of the request on its merits than as an unconscious removal of surplusage in the order. Given these conclusions, we must affirm Judge Maiocco's finding that the defendant was barred from litigating this issue a second time.[7] See *State* v. *Aillon,* 189 Conn. 416,

---

[7] Our review of the record and transcripts in this case discloses the possibility that, in addition to the revival of its request for fees expended in defense of its arbitration award in the Superior Court, the defendant was also seeking an award of fees for its successful defense of the award in *this* court. If this is in fact so, we acknowledge that the request for fees associated with the defense of *Gennarini I* was raised for the first time before Judge Maiocco and could not, therefore, be barred by the doctrine

423–26, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983) (*Aillon IV*); *Cain* v. *Moore,* 182 Conn. 470, 473–74, 438 A.2d 723 (1980), cert. denied, 454 U.S. 844, 102 S. Ct. 157, 70 L. Ed. 2d 129 (1981); *Wade's Dairy, Inc.* v. *Fairfield,* supra, 559–61; *Bernstein* v. *Busker,* 4 Conn. App. 541, 544, 495 A.2d 737, cert. denied, 197 Conn. 817, 500 A.2d 1337 (1985).

In its presentation of this case on appeal, the defendant apparently disregards the effect of the res judicata doctrine and entreats us to decide the merits of its claim.[8] This we will not do.

By arguing that it is entitled to the fees it seeks pursuant to General Statutes § 49-41a, the defendant attacks not the judgment of Judge Maiocco, who never reached this issue, but rather the 1984 decision of Judge Meadow. This amounts to no more than an impermissible collateral attack of that first judgment.

A collateral attack is an attack upon a judgment, decree or order offered *in an action or proceeding other than that in which it was obtained,* in support of the contentions of an adversary in the action or proceeding, as where the judgment is offered in support of a

---

of res judicata. Our suspicion in this regard, however, can be of no help to the defendant in this appeal. If appellate attorney's fees were indeed being sought, it is clear from the transcripts that the trial court was not apprised of any possible legal distinctions in the types of recovery requested. In addition, inclusion of a new claim in a motion which has been revived is a questionable procedure in itself and we will not speculate whether the trial court, had it known that two types of recovery were being requested, would have allowed the revival of the old motion. Finally, the defendant has not made this claim in the appeal before us. Although we feel the need to clarify the limits of the judgment rendered by Judge Maiocco, we will not go so far as to decide an issue of our own creation.

[8] The defendant presented the following issues for our review: "1. Did the Trial Court err in denying an award of supplemental interest and attorney's fees pursuant to [General Statutes] Sec. 49-41a (b)?

"2. Does an award of supplemental interest and attorney's fees include fees incurred in litigating and establishing entitlement to such fees?"

title or as a foundation for applying the doctrine of res judicata. 46 Am. Jur. 2d, Judgments § 630; see also F. James, Civil Procedure § 11.5, p. 533–34.

"We have strongly disfavored collateral attacks upon judgments because such belated litigation undermines the important principle of finality. *Vogel* v. *Vogel,* 178 Conn. 358, 362, 422 A.2d 271 (1979); *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 260, 259 A.2d 598 (1969). ' " 'The law aims to invest judicial transactions with the utmost permanency consistent with justice . . . . Public policy requests that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . .' " ' *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 297, 93 A.2d 143 (1952), quoting 1 A. Freeman, Judgments (5th Ed.) § 305, pp. 602–603." *Meinket* v. *Levinson,* 193 Conn. 110, 113, 474 A.2d 454 (1984). Such an attack on a prior judgment will prevail only if it can be shown that the judgment is void, as for want of jurisdiction; "mere error" will not suffice. F. James, supra, § 11.5, p. 534; 1 A. Freeman, Judgments (5th Ed.) §§ 357–372, pp. 742–79.

The defendant has not challenged the competency of the original trial court which ruled on the motion to confirm the arbitration award. Inasmuch as the defendant claims only judicial error, we conclude that sufficient opportunities have been afforded the defendant to make a direct attack on Judge Meadow's decision. Whereas the defendant did not take advantage of these options, exemplified by its failure to cross appeal from that judgment in *Gennarini I,* see footnote 6, supra, it cannot now be heard to complain. "A case cannot be presented by halves. In the event of an appeal to this court an appellee must be prepared to have the case decided with reference to all facts on the record presented for determination by either party. *Coughlin* v. *McElroy,* 72 Conn. 444, 447–48, 44 A. 743 [1899]."

*Nowell* v. *Nowell,* 163 Conn. 116, 122, 302 A.2d 260 (1972). The defendant should have been more diligent in ensuring that it had properly protected its rights. See, e.g., *Lashgari* v. *Lashgari,* 197 Conn. 189, 200, 496 A.2d 491 (1985); *Glemboski* v. *Glemboski,* 184 Conn. 602, 606–607, 440 A.2d 242 (1981); *Vogel* v. *Vogel,* supra, 361; *Doran* v. *Doran,* 3 Conn. App. 277, 282–83, 487 A.2d 1106 (*Borden, J.,* dissenting), cert. denied, 195 Conn. 804, 491 A.2d 1104 (1985); cf. *Beccia* v. *Waterbury,* 192 Conn. 127, 131–32, 470 A.2d 1202 (1984) (party not foreclosed from raising for first time on remand an alternate basis for affirmance of judgment when first judgment vacated and case remanded).

Because our decision on the res judicata issue is dispositive of this appeal, we need not address the defendant's substantive claims. We will leave the question of the availability of attorney's fees pursuant to General Statutes § 49-41a for determination at a more appropriate time and in a more appropriate case where the issues have been properly presented.

There is no error.

In this opinion the other judges concurred.