[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
This action stems from a breach of contract. On January 27, 1992, the plaintiff, Michael Cardello, filed a Complaint for Foreclosure of Judgment Lien against the defendant, Marilyn Brennan. The plaintiff alleges that on October 19, 1988, the defendant and Thomas Brennan each owned an undivided one-half interest in land located in Goshen, Connecticut. On that date, the plaintiff commenced an action in this court against Thomas Brennan and Marilyn Brennan and caused a prejudgment remedy attachment to be placed on the aforementioned property to secure the sum of $30,000.00. CT Page 3274 Cardello v. Brennan, D.N. CV-004909S ("Cardello I"). In Cardello I defendant Thomas Brennan was defaulted for failing to appear and, consequently, on December 31, 1990, the plaintiff obtained a judgment totalling more than $38,000.00 against Thomas Brennan only.
In the present matter, the plaintiff alleges that on January 9 1991, the judgment was unsatisfied, and he consequently filed a judgment lien certificate with the Goshen Town Clerk. Said judgment allegedly remains unpaid, and the plaintiff contends that he is owed $39,335.19 plus interest. The defendant allegedly claims to have full interest in the aforementioned premises by virtue of a Quit Claim Deed from Thomas Brennan dated April 19, 1990. Said deed was recorded July 25, 1990, and, the plaintiff claims is subsequent in right to the plaintiff's interest. Thomas Brennan has defaulted on the payment ordered and consequently, the plaintiff requests, inter alia, foreclosure of the judgment lien.
On February 18, 1992, the defendant filed a motion to dismiss and attached thereto a supporting memorandum. On March 12, 1992, the plaintiff filed an objection to the motion to dismiss and submitted therewith a supporting memorandum.
The motion to dismiss is the proper manner by which to assert lack of jurisdiction over the subject matter., Practice Book Section 143(1); Castro v. Viera, 207 Conn. 420,429-30 541 A.2d 1216 (1988), and lack of jurisdiction over the person. Practice Book Section 143(2). The motion to dismiss is also the proper way in which to assert insufficiency of process, Practice Book Section 143(4); see also Zizka v. Water Pollution Control Authority 195 Conn. 682,687, 400 A.2d 509 (1985), and insufficiency of service of process, Practice Book Section 143(5); Zizka, supra.
In her memorandum in support of her motion to dismiss, the defendant claims that the judgment rendered against Thomas Brennan in Cardello I was obtained as a consequence of Mr Brennan's failure to appear. The defendant contends, inter alia, that the plaintiff obtained a judgment despite the fact that Thomas Brennan was "probably never aware of these proceedings" and, therefore, that the plaintiff operated in an effort to "short circuit and eliminate the need to prosecute his claim against the party with whom he was dealing". The defendant further claims that General Statutes Section 52-221 requires the plaintiff to submit evidence to obtain a judgment after default. The defendant contends that the plaintiff, in obtaining the CT Page 3275 judgment against Thomas Brennan which is the basis of the lien being foreclosed, submitted an affidavit indicating the plaintiff's claim for damages. Ms. Brennan further claims that, in Cardello I, the plaintiff perpetrated a fraud upon the court, Pickett, J., by failing to indicate in either its motion or its affidavit that a portion of the claim was being disputed. Therefore, the defendant states, the present action should be dismissed. The defendant also raises the "clean hands doctrine" to justify dismissal of this action and repeats the aforementioned allegations in support of this contention.
The plaintiff in its memorandum in opposition to the motion to dismiss, contends inter alia that the defendant is attempting to collaterally attack a valid judgment obtained against Thomas Brennan. The plaintiff also maintains that the clean hands doctrine is inapplicable here and, therefore, the motion to dismiss should be denied.
Practice Book Section 377 provides a means of opening judgment upon default. Thus, if the judgment against Mr. Brennan was rendered pursuant to his failure to appear Practice Book Section 377 provides the manner by which Mr. Brennan could have challenged said judgment Mr. Brennan apparently failed to make such a challenge. Furthermore, Marilyn Brennan seeks to challenge the judgment rendered in Cardello I against Thomas Brennan, claiming, inter alia, that the court failed to acquire jurisdiction over Mr. Brennan and that the plaintiff failed to inform the court that a portion of the plaintiff's claim was being disputed. Such a challenge represents a collateral attack on said judgment. A collateral attack is an attack:
 [U]pon a judgment, decree or order offered in an action or proceeding other than that in which it was obtained, in support of the contention of an adversary in the action or proceeding, as where the judgment is offered in support of a title or as a foundation for applying the doctrine of res judicata.
Gennarini Constr. Co. v. Messina Painting Decorating Co.,15 Conn. App. 504, 511-12, 545 A.2d 579 (1888). Indeed, our courts:
 [H]ave strongly disfavored collateral attacks upon judgments because such belated litigation undermines the important principle of finality. . . `The law aims to CT Page 3276 invest judicial transactions with the utmost permanency consistent with justice. . . . public policy requests that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . .' Such an attack on a prior judgment will prevail only if it can be shown that the judgment is void, as for want of jurisdiction; `mere error' will not suffice. (Citations omitted)
Id., 512. See also Convalescent Center of Bloomfield v. Department of Income Maintenance, 208 Conn. 187, 200-91,544 A.2d 604 (1988); E. Stephenson, Connecticut Civil Procedure (2d ed.) Section 353(a).
In Cardello I, the court, on December 5, 1988, made as specific finding that both Thomas and Marilyn Brennan had actual notice of the proceedings in which a December 31, 1990 judgment was entered against Thomas Brennan. Marilyn Brennan's argument regarding the lack of notice to Thomas Brennan, and her attempt here to attack the content of the plaintiff's affidavit in Cardello I both, constitute collateral attacks upon the judgment of the court in Cardello I. Such an attack is improper pursuant to Gennarini Constr. Co., supra and therefore the motion to dismiss cannot be granted on these grounds.
The defendant also contends that the clean hands doctrine operates to dismiss this matter. The clean hands doctrine is primarily for the protection of the court, and not for the parties. See e.g., Pappas v. Pappas, 164 Conn. 242,246, 320 A.2d 809 (1973). Furthermore, it has been held that "[t]he clean hands doctrine cannot be raised on a motion to dismiss." Babouder v. Abdennur, 41 Conn. Sup. 258, 261,561 A.2d 457 (July 28, 1989, Fuller, J.). This court agrees with the Babouder decision and, consequently, the motion to dismiss is denied.
DRANGINIS, JUDGE