[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this case seek to collaterally attack the dismissal by this court of their administrative appeal in the matter of Frank Franc v. Bethel Planning Zoning Commission, CV 88 296287. Certification was denied by the Appellate Court for an appeal of said dismissal.
The plaintiffs' complaint sets out the factual history of the interrelationship of the plaintiffs, the Commission and the D'Agostino site development. At the time of the approval of the "as built" site plan on August 23, 1988, the extent of the site development was clearly observable as to the degree of slope of the excavation adjoining the plaintiffs' property and the depth of encroachment into the plaintiffs' property at the top of the cut. Thus, the physical conditions of both the D'Agostino property and the plaintiffs' property were conditions that were known, or could have been known by the plaintiffs or their representatives on August 23, 1988. Thus, any claims of fraud on the Commission prior to bringing the plaintiffs' dismissed appeal are based on facts plaintiffs should have known based on their observations, if they had looked. The plaintiffs have failed to show that they lacked sufficient knowledge or the opportunity to gain that knowledge of the topography of the real property in question at the time they brought their dismissed appeal.
The plaintiffs, during the trial, raised further claims of fraud that were not included within the allegations of their revised complaint. These claims concern the "Return of Record" filed by the Commission in the dismissed appeal.
The plaintiffs' claim that Attorney McNamara, the Commission's attorney in this case and in the dismissed case, improperly withheld a letter from Attorney Borofsky dated August 22, 1988, "on the basis of the attorney/client privilege." The plaintiffs claim that the claim of privilege was improper since the Borofsky letter was read at the public meeting of the Commission on August 23, 1988. The recording of that meeting was CT Page 5495-IIII available upon request, but Attorney Denlinger, who brought the dismissed appeal and who did not attend that meeting, did not choose to listen to the recording of the actions of the Commission on the decision that was the basis of the dismissed appeal. Had Attorney Denlinger listened to the recording, he would have been aware of the content of said letter.
The plaintiffs also mention Attorney McNamara's failure to include in the return of record the agenda notice and minutes of the August 23, 1988 meeting. Their content does not suggest a basis for claims of impropriety by the Commission that would have impacted on the decision to dismiss that appeal.
The plaintiffs, in bringing this action, are attempting to collaterally attack the judgment in the dismissed case by claiming the perpetration of a fraud upon themselves, the Commission and on the dismissing court. Such collateral attacks upon judgments are strongly disfavored. Gennarini ConstructionCo. v. Messina Painting Decorating Co., 15 Conn. App. 504, 512.
Courts of equity may grant relief from the operation of a judgment where the plaintiffs were prevented from presenting all meritorious claims by accident, or the fraud or improper management of the opposite party, and without fault on their own part. Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226,230. This rule, as applied to the facts of this case, requires this court to inquire as to two issues. First, did the defendants, by fraud or improper management, deprive the plaintiffs of those facts that would generate meritorious claims that would prove the actions of the Commission to have been arbitrary, illegal or an abuse of the Commission's discretion and, secondly, was this deprivation without fault on the plaintiffs' own part.
As noted above, the condition of the excavation, the degree of encroachment and the provisions of any applicable zoning regulations were known to the plaintiffs at the time of their bringing the dismissed appeal and, therefore, any meritorious claims, if any, were within the plaintiffs' knowledge or discoverable by them upon reasonable inquiry.
If D'Agostino held back information or misinformed the Commission, and that was the basis of the Commission's decision, this would not be the basis for a fraud claim by the plaintiffs since under the rule, the fraud or improper management of the CT Page 5495-JJJJ opposite party must be directed to the plaintiffs.
The remaining area of examination is the Borofsky letter dated August 22, 1988, which was not included in the return of record. Whether this letter would have been the basis of a meritorious claim by the plaintiffs need not be addressed since the requirement of the plaintiffs to be without fault supersedes that determination. As pointed out above, Attorney Denlinger needed only to listen to the recording of the meeting that he did not attend, the same meeting whose decision of the Commission he was appealing, to discover the publication of the Borofsky letter. The plaintiffs have failed to show that they are without fault on their own part because of their failure through their attorney to make reasonable inquiry of the verbatim record of the Commission's actions on August 23, 1988. The lack of fault in an action to collaterally attack a judgment must be observed, and in this case fault is clearly evident.
For the foregoing reasons, the relief sought by the plaintiffs is denied and judgment may enter in favor of the defendants.
Stodolink, J.