[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the Commissioner of Social Services from the decision of the Family Support Magistrate (Hon. Ronald Sullivan) dated August 31, 1998 dismissing the support petition commenced by the Commissioner on behalf of Marilyn Robertson for the support of Annette Villegas, the minor daughter of the defendant. The question raised by the appeal is both novel and compelling: if a child who is not in danger in CT Page 8234 her parent's home and whose parents are willing to support her voluntarily leaves the home, can the parents be compelled to repay the State of Connecticut for her support? This court holds that they cannot be.
The state commenced this action on February 7, 1997, alleging that Yolanda Ortega was legally liable pursuant to §§ 17b-745, 46b-215, and/or 46b-172 of the Connecticut General Statutes for the support being supplied by the state to Ms. Robertson for Ms. Ortega's minor child, Annette Villegas, born June 1, 1979. In its verified statement of facts in support of the petition, the state alleged, inter alia, that the defendant had refused or neglected to support the child. Initially, the defendant was defaulted for failure to appear and was ordered to pay $76.00 per week in current support plus $14.00 per week on an arrearage of $2,508.00. The payments were ordered without prejudice. On September 26, 1997, the weekly support payment was eliminated because the child was emancipated, but the weekly payment on the arrearage was continued.[1]
The magistrate found that Annette Villegas, the defendant's minor daughter, had voluntarily moved out of her mother's home when Ms. Ortega attempted to exercise some control over the girl to prevent her from again becoming pregnant. The girl moved to the home of Ms. Robertson, the mother of the girl's boyfriend, and Ms. Robertson applied for and received benefits under the Aid for Families with Dependent Children program pursuant to an assignment of her support rights to the State of Connecticut. The magistrate found that Ms. Ortega had no obligation to pay support to Ms. Robertson, that Ms. Robertson could not, therefore, assign her right to receive support to the state, and that the state could not pursue Ms. Ortega for the amount.
The Commissioner appealed the magistrate's decision asserting that his decision was affected by an error of law, clearly erroneous, and arbitrary or capricious. The Commissioner contends that, despite the substantial evidence that had been provided, the magistrate found that there were no assignable support rights under § 17b-77 of the Connecticut General Statutes.
The appeal was timely commenced, and this court has jurisdiction to hear it. Connecticut General Statutes § 46b-31. The appellant is aggrieved by the decision of the magistrate, and has standing to bring the appeal.
The statute upon which the magistrate based his decision provides, in pertiment part:
 Application for aid under the state supplemental CT Page 8235 program, medical assistance program, temporary family assistance program, and food stamps program, shall be made to the Commissioner of Social Services . . . Such application, in the case of temporary family assistance, shall be made by the supervising relative, his authorized representative . . . By such application, the applicant shall assign to the commissioner the right of Support, past, present, and future, due all persons seeking assistance and shall assist the commissioner in pursuing support obligations due from the absent parent.
Connecticut General Statutes § 17b-77 (emphasis added). Ms. Robertson, as applicant, did not meet the requirements of the statute for the application. She was neither the child's supervising relative nor the authorized representative of that relative.
The Commissioner relies on § 2515.35 of the State of Connecticut Department of Income Maintenance Uniform Policy Manual ("Policy Manual") to support her contention that the state was authorized to permit Ms. Villegas to reside with Ms. Robertson and to furnish support to Ms. Robertson. That section of the policy manual does not apply to situations similar to those presented here. Rather, it addresses whether a minor parent must live with an adult in order to be eligible to receive Aid to Families with Dependent Children assistance for his or her own child. Ms. Villegas would have been eligible for such support for her child, but her mother would not have had the obligation to contribute to that support. That obligation would have fallen to the child's father.
The magistrate erred in dismissing the petition because the child was not living with a "legally liable relative or caretaker." The state has an independent right to seek reimbursement for support in appropriate cases where public assistance is furnished to a child, even where that child is not residing with a "supervising relative." State of Connecticut(Betty Jennings v. Nancy Hairston, Doe. No. FA 98-626107,24 Conn.L.Rptr. 615 (May 25, 1999) (Gruendel, J.). However, the judgment of a trial court will be upheld if it is correct, regardless of the court's theory. Glemboski v. Glemboski, 184 Conn. 602,606-07 (1981); Royce v. Freedom of Information Commission,177 Conn. 584, 588 (1979).
The magistrate's decision is correct under § 46b-215 of the General Statutes. Section 46b-215 provides that a judge or family support magistrate is authorized to make support orders against any person who "neglects or refuses" to furnish support. While the magistrate found that Ms. Ortega had a duty to support her daughter, he did not find that she CT Page 8236 had neglected or refused to provide support. The record supports a refusal on the magistrate's part to make that necessary predicate finding, since Ms. Ortega did continue to provide some support for her daughter and at all times remained ready to support her fully, though at home. Section 46b-172, relating to the duty of support after a finding of paternity, does not apply.
The magistrate is within his authority to dismiss a petition for support where the court lacks subject matter jurisdiction. See. Sasso v.Aleshin, 197 Conn. 87, 90 (1985). Section 46b-215 confers jurisdiction only in cases where the parent liable for support refuses to supply it.
This case represents one of those rare circumstances in which the court would be remiss not to commend the skilled and thorough research undertaken by both lawyers.
The decision of the magistrate is affirmed.
 BY THE COURT, GRUENDEL, J.