[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The defendant has filed a motion to dismiss an appeal from probate. The plaintiff's basic complaint is that the defendant administrator took no action to collect loans made to the defendant Peter Bialowans by the decedent during the decedent's lifetime. The claim made in the reasons for appeal is that the Probate Court erred in approving the final accounting which failed to reflect this loan activity and in denying the plaintiff's request for an order that the administrator take steps to collect this estate asset and distribute it to the appropriate beneficiaries.
In the motion to dismiss, the defendant Peter Bialowans argues that "it is a settled principle in probate appeals to adjudicate, de novo, issues previously presented to and ruled upon by Probate Courts." Thus, in Kerinv. Stangle, 209 Conn. 260, 264 (1988), the court said: "the function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo." Here, the defendant says "the plaintiff fails to allege a Probate Court order or decree concerning his allegations." The order which accepted the final account neither discusses nor stipulates any ruling concerning the alleged loan and because "an issue not specifically ruled on by the Probate Court" is the reason for the appeal this court has no jurisdiction. In a supplemental brief, the defendant further points out that the estate was open for four years prior to the accounting hearing and no application was made to probate court to order the fiduciary to collect the asset. To the defendant, this issue is no more than a collateral attack. Glemboski v. Glemboski, 184 Conn. 602 (1981), is referred to by the defendant. There, a widow's allowance ordered by the court had been made long prior to the account hearing. No appeal was taken from that order. The court held that the allowance question could not be attacked collaterally through the final account. As the court said: "A collateral attack is a procedurally impermissible substitute for a direct attack on a prior judgment . . . Because the plaintiff did not appeal from the order modifying the widow's allowance, the trial court did CT Page 3572 not err in dismissing her collateral appeal from the allowance and the approval of the final account." 605-06.
What the argument appears to be is that you have a right to appeal an order or decree of the Probate Court and have a de novo hearing on the matter in Superior Court only if the matter was in fact raised in Probate Court (Kerrin). Glemboski stands for a slightly different proposition; it says if an order was entered by Probate Court that was appealable and a party aggrieved by it did not appeal, the party cannot then raise the propriety of that previous order by attacking the final accounting which merely reflects the result of the previous order.
In opposing the motion to dismiss, the plaintiff has attached to his brief an affidavit from the plaintiff's lawyer and the plaintiff who together appeared at the hearing for the approval of the final accounting. Both alleged that at that hearing the plaintiff, through counsel, "specifically claimed that the accounting should not be approved as a result of the fiduciary's failure to take appropriate action to collect said loans and asked that the court order the fiduciary to take such appropriate steps as necessary to recoup said monies." There was no factual dispute regarding these representations so there was no need to hold an evidentiary hearing. Cf. Barde v. Board of Trustees, 207 Conn. 59,62 (1988).
The court will now try to address the subject matter jurisdiction question. In doing so, it must keep in mind the admonition in LeConchev. Elligers, 215 Conn. 701 (1990), where the court said as to this issue any "determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction. DeMar v.Open Space Conservation Commission, 211 Conn. 416, 425 (1969). . ."Id., 710.
In the "Reasons for Appeal" filed by the plaintiff, two of the things the plaintiff appeals from are the Probate Court's denial of his request for an order that the administrator take appropriate steps to collect the loan asset and the necessary result from such failure, as the plaintiff sees it, that the decree ordering distribution of the estate did not, because it thereby could not, take into account all the assets of the estate.
It is difficult to understand why this Court does not have subject matter jurisdiction to hear these issues under Kerrin or Glemboski. The plaintiff appeals the Probate Court's failure to act in issuing an order to the administrator to recoup an asset. Unlike Glemboski, the failure to issue the order is in fact being appealed from. Also, there is no CT Page 3573 suggestion that at the time the plaintiff made his request for an order to the administrator to secure the loan asset, that the probate Court had no jurisdiction or authority to grant the order, thereby delaying the final accounting. No estoppel or laches argument has been suggested that would be operative at the Probate Court level to prevent that court from having heard the request for an order at the hearing on the final accounting. If all that is true, how can it be said that under a Kerrin
analysis this court had no subject matter jurisdiction? The motion to dismiss is denied.
 Corradino, J. 3/14/03
CT Page 3574