CONNECTICUT NATIONAL BANK *v.*
ANDRE L. NAGY ET AL.
(2418)

DANNEHY, C.P.J., BORDEN and SPALLONE, Js.

Argued June 12—decision released August 21, 1984

*Judith M. Trutt,* for the appellants (defendants).

*Richard S. Scalo,* with whom, on the brief, were *Ronald D. Japha* and *Abraham I. Gordon,* for the appellee (plaintiff).

PER CURIAM. The defendants have appealed[1] from the judgment rendered for the plaintiff in an action on a promissory note.

The defendants' claims of error attack the findings of fact of the trial court. The Supreme Court has repeatedly criticized and attempted, apparently in vain, to discourage this misuse of the appellate process. *Baker* v. *Baker,* 166 Conn. 476, 478, 352 A.2d 277 (1974); *South-*

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

*ern New England Contracting Co.* v. *State,* 165 Conn. 644, 646, 345 A.2d 550 (1974); *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 3, 327 A.2d 583 (1973). Questions of fact are to be determined solely by the trial court. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). The weight given the evidence and the credibility of the witnesses are likewise within the province of that court. *Dubicki* v. *Dubicki,* 186 Conn. 709, 713, 443 A.2d 1268 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 281, 471 A.2d 651 (1984). Our review of the record in this case indicates that there was ample evidence to support the court's findings and conclusions. *Frumento* v. *Mezzanotte,* 192 Conn. 606, 617–18, 473 A.2d 1193 (1984); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The plaintiff claims that the trial court erred in limiting the amount of attorney's fees awarded. Since the plaintiff has not filed a cross appeal; see Practice Book § 3003; contesting this issue, the conclusion of the trial court is not now subject to review in this court. *Lynch* v. *Davis,* 181 Conn. 434, 437, 435 A.2d 977 (1980); *Johnson* v. *Murzyn,* 1 Conn. App. 176, 182 n.6, 469 A.2d 1227 (1984).

There is no error.

