GENNARINI CONSTRUCTION COMPANY, INC. *v.* MESSINA PAINTING & DECORATING COMPANY
(3609)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued May 17—decision released August 20, 1985

*Ernest E. LaFollette,* for the appellant (plaintiff).

*Sharon W. Dornfeld,* for the appellee (defendant).

BORDEN, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion to

confirm an arbitration award and denying the plaintiff's application to vacate the award.

The trial court found the following facts: The plaintiff contractor entered into a subcontract with the defendant subcontractor to do painting work on a public project. A dispute arose because of the defendant's use of nonunion painters. The defendant completed the subcontract in a timely fashion, and the architect and public authority accepted the project.

The defendant claimed that money was due it on the subcontract and the parties submitted the claim to arbitration. The submission encompassed two issues: (1) what money, if any, was owed to the defendant; and (2) whether General Statutes § 49-41a (b)[1] could be applied by the arbitrator in this case, and, if so, what remedy was to be awarded.[2]

---

[1] General Statutes § 49-41a (b) provides: "If payment is not made by the general contractor or any of its subcontractors in accordance with such requirements, the subcontractor shall set forth his claim against the general contractor and the subcontractor of a subcontractor shall set forth its claim against the subcontractor through notice by registered or certified mail. Ten days after the receipt of that notice, the general contractor shall be liable to its subcontractor, and the subcontractor shall be liable to its subcontractor, for interest on the amount due and owing at the rate of one per cent per month. In addition, the general contractor, upon written demand of its subcontractor, or the subcontractor, upon written demand of its subcontractor, shall be required to place funds in the amount of the claim, plus interest of one per cent, in an interest-bearing escrow account in a bank in this state, provided the general contractor or subcontractor may refuse to place the funds in escrow on the grounds that the subcontractor has not substantially performed the work according to the terms of his or its employment. In the event that such general contractor or subcontractor refuses to place such funds in escrow, and the party making a claim against it under this section is found to have substantially performed its work in accordance with the terms of its employment in any arbitration or litigation to determine the validity of such claim, then such general contractor or subcontractor shall pay the attorney's fees of such party."

[2] The submissions presented to the arbitrator took the following form: "1. Does Gennarini Construction Co., Inc. owe Messina Painting & Decorating Co. any money pursuant to a subcontract entered into on Decem-

The arbitrator found that the plaintiff owed the defendant $5142.42 on the subcontract. He also found that he had the authority to provide a remedy under General Statutes § 49-41a (b), and awarded the defendant interest and attorney's fees under that statute.

The plaintiff filed an application to vacate the arbitration award and the defendant filed a motion to confirm it. The defendant also moved for an order awarding it supplemental interest and attorney's fees which had accrued subsequent to the date of the arbitration award. In a detailed memorandum of decision, the trial court granted the defendant's motion to confirm the award and denied the plaintiff's application to vacate. It did not address the issue of the supplemental award of interest and attorney's fees.

On appeal, the plaintiff claims that the trial court erred in upholding the arbitrator's award because the arbitrator exceeded the scope of the submissions and his powers in interpreting the statute. The defendant, by way of a preliminary statement of issues; see Practice Book § 3012 (a); claims that the trial court erred in failing to award supplemental attorney's fees and interest to the defendant. We find no error on either of the parties' claims.

The plaintiff's claims that the arbitrator exceeded the scope of the submissions and his powers are unavailing. The two submissions to the arbitrator were broadly phrased and included questions involving the merits of the appeal as well as questions of arbitrability of damages under General Statutes § 49-41a (b). As the trial court found, the submissions were unrestricted. No conditional language was used by the parties binding the

ber 1, 1982 for painting work on the Old Danbury Jail Rehabilitation Project? If so, how much money does Gennarini owe Messina?

"2. Does the Arbitrator have authority to enter a remedy under Section 49-41a (b) of the General Statutes? If so, should the statute be applied in this case, and, if so, what shall the remedy be?"

court to strict rules of law. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584–85, 440 A.2d 774 (1981); *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 595–96, 96 A.2d 209 (1953). Where the submission is unrestricted, the award is final and binding and cannot be reviewed for errors of law or fact. *Roraback* v. *Travelers Ins. Co.,* 4 Conn. App. 21, 23, 492 A.2d 208 (1985).

The first question submitted was plainly unrestricted by its terms. See footnote 2, supra. The parties are bound by the arbitrator's decision on that question. *Roraback* v. *Travelers Ins. Co.,* supra, 23–24.

The second question submitted embraced the issue of arbitrability under a certain statute and the applicability and availability of a remedy under that statute if found arbitrable. Neither party chose to compel a judicial determination of the issue of arbitrability prior to arbitration, although the option was available to them. *Schwarzschild* v. *Martin,* 191 Conn. 316, 323, 464 A.2d 774 (1983); *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 560, 424 A.2d 263 (1979); see also General Statutes § 52-415 (parties may request that arbitrators ask court's advice on questions arising during hearing). The invocation of a specific statute under which to determine damages is not, in and of itself, sufficient to restrict the submission. Cf. *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* supra. The second question, therefore, was also unrestricted although it left the question of arbitrability to the arbitrator.

"[W]here the issue of arbitrability is committed to an arbitrator for determination, 'the court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement.' " *Waterbury Board of Education*

v. *Waterbury Teachers Assn.*, 168 Conn. 54, 63, 357 A.2d 466 (1975). The award in this case did not do so.

A challenge to an award on the ground that the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definitive award was not made upon the matter submitted; General Statutes § 52-418 (a) (4); is reviewed by comparing the award with the submission. *Roraback* v. *Travelers Ins. Co.,* supra, 23. In making such a comparison, where the submission is unrestricted, the court will not review the evidence or the legal questions involved but is bound by the arbitrator's legal and factual determinations. *Game-A-Tron Corporation* v. *Gordon,* 2 Conn. App. 692, 695, 483 A.2d 620 (1984). The terms of the award in this case tracked the language of the parties' second submission and clearly conformed to it. The award, therefore, cannot be vacated pursuant to General Statutes § 52-418 (a) (4), as the plaintiff suggests.

There is no allegation here that the arbitrator's determination procedurally violated the terms of the parties' contract. The pertinent clauses of the contract indicate that the parties did not delineate any narrow procedural limits to govern arbitration which might arise between them. See *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* supra, 62. In addition, procedural irregularities may be waived. Id., 63. If any existed here, they are deemed waived by the parties' failure to raise them in the trial court. Id. The parties chose to submit the question of arbitrability of General Statutes § 49-41a (b), and of a potential award under that statute, to the arbitrators. See *Schwarzschild* v. *Martin,* supra; *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* supra. The parties, therefore, are also bound by the arbitrator's decisions on the second question submitted. See footnote 2, supra.

We do not address the merits of the defendant's claim that the trial court erred in failing to award supplemental interest and attorney's fees under General Statutes § 49-41a (b). The defendant did not file a cross appeal raising this issue; Practice Book § 3003; and the claim is not properly before us.[3] *Connecticut National Bank* v. *Nagy,* 2 Conn. App. 448, 449, 479 A.2d 1224 (1984). The defendant claims that there was no judgment or decision from which it could properly cross appeal under Practice Book § 3003 because the trial court did not rule on the issue of supplementary interest and attorney's fees in its memorandum of decision and because the court "passed" the issue pending this appeal when the defendant filed a postjudgment "Motion for Order" requesting a particular financial award. The trial court's failure to rule on this issue, however, did not authorize the defendant to disregard the rules of court; rather, the defendant's remedy was to use the Practice Book to secure a ruling by the trial court on this issue, for this court to review.

A motion for rectification addressed to the trial court pursuant to Practice Book § 3082, followed by a motion to review addressed to this court under Practice Book § 3108, if necessary, would have been appropriate. Alternatively, the defendant could have requested that this court order the trial court to complete the record pursuant to Practice Book §§ 3096 and 3107. Since the defendant did not follow any of these procedures,[4] the

[3] This court, in response to the defendant's motion, permitted the defendant to file its preliminary statement of issues in an untimely fashion. The defendant suggests that this meant the court would review the claims raised in it. The permission to file a preliminary statement of issues late is just that, a permission to file, and does not necessarily imply that this court will address the merits of the claims raised in that statement where they are otherwise improperly before us.

[4] The defendant stated at oral argument before this court that its postjudgment "Motion for Order" sought relief pursuant to Practice Book § 3082. An examination of the order reveals that rectification was not sought and that § 3082 was not invoked. We cannot accept post-hoc explanations

issue is not a proper subject of review for this court. *Connecticut National Bank* v. *Nagy,* supra, 449.

There is no error.

In this opinion the other judges concurred.

by counsel of what procedure they meant to follow when the record reveals that procedure was not followed.

The defendant also filed a "Motion for Further Articulation" in this court which was denied for failure to file a threshold motion for rectification in the trial court. Practice Book § 3082. This could not be viewed as a motion to review under Practice Book § 3108 since the requisite motion before the trial court was never made. Nor could it be interpreted as a motion asking this court to complete the record under Practice Book §§ 3096 or 3107. The failure of the defendant to adhere to any of the procedures set forth in the Practice Book to perfect the record for an appeal prevents us from addressing this issue. See *Montanaro* v. *Snow,* 4 Conn. App. 46, 50–51, 492 A.2d 223 (1985).