TOWN OF EAST HARTFORD *v.* EAST HARTFORD
MUNICIPAL EMPLOYEES UNION, INC., ET AL.
(4657)

TOWN OF EAST HARTFORD *v.* CIVIL SERVICE
EMPLOYEES AFFILIATES, INC., ET AL.
(4760)

BORDEN, DALY and BIELUCH, Js.

Argued January 7—decision released May 5, 1987

*Robert J. Krzys* and *Michael J. Lanza,* for the appellants (defendants in each case).

*David A. Zipfel,* for the appellee (plaintiff in both cases).

DALY, J. This is a combined appeal by the defendants, an employee and two unions, from the judgments of the trial court, which vacated an arbitration award rendered in favor of Diane Sherriffs Fontanella (employee), a member of the East Hartford Municipal Employees Union, Inc. (union) and of the Civil Service Employees Affiliates, Inc. (CSEA). The defendants claim in two separate but identical appeals that the trial court exceeded its scope of review by substituting its factual findings for those of the state board of mediation and arbitration and holding that the employee's grievance was untimely filed. We find no error.

The plaintiff filed a cross appeal in each case setting forth four alternative grounds to sustain the trial court's decision. While these cross appeals are not properly before this court,[1] we have not dismissed them, since our conclusions in the defendants' appeals make it unnecessary to consider the cross appeals.

Prior to addressing the merits of the defendants' appeals, we note that neither the employee nor the CSEA is a proper party to these appeals. Article 13.0, step 5, of the working agreement between the plaintiff and the union provides "the Union may submit the dispute . . . to arbitration by the Connecticut State Board of Mediation and Arbitration . . . ." The agreement does not specifically authorize an employee to seek arbitration. We have clearly stated that "[u]nless a collective bargaining agreement provides for a personal right to seek arbitration . . . an employee subject to the agreement is not a 'party to the arbitration' under General Statutes § 52-417[2] and

---

[1] The proper procedure for the plaintiff, as appellee, was to file a preliminary statement of issues within fourteen days of the filing of the appeal. Practice Book § 4013 (a) (1) (formerly § 3012 [a]).

[2] General Statutes § 52-417 provides in part: "[A]ny party to the arbitration may make application . . . for an order confirming the award . . . ."

thus has no standing to apply to confirm an award. . . . Such an employee 'could not be said to be a "party to the arbitration" under § 52-418'[3] and thus has no standing to apply to vacate an award. . . . If an employee lacks standing to apply either to confirm or to vacate an award, it follows that she lacks standing to appeal from a judgment vacating an award." (Citations omitted; footnotes added.) *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 156, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984); see also *Paranko* v. *State,* 200 Conn. 51, 509 A.2d 508 (1986).

An examination of the agreement in this case reveals that only the union may submit the dispute to arbitration and provides no similar personal right for the employee. Hence, the employee is not a proper party to these proceedings. Furthermore, while the CSEA has enjoyed a working relationship with the plaintiff for many years as agent for the union,[4] it is not a party to the agreement between the union and the plaintiff and therefore lacks standing to participate in these appeals. *Housing Authority* v. *Local 1161,* supra. Thus, the appeal by CSEA and Fontanella (4760) is dismissed and the appeal by East Hartford Municipal Employees Union and Fontanella (4657) is dismissed as to Fontanella only.

[3] General Statutes § 52-418 (a) provides in part: "Upon the application of any party to an arbitration . . . any judge . . . shall make an order vacating the award if he finds any of the following defects . . . ."

[4] When this court raised the issue of the appellate standing of CSEA at oral argument, all the parties represented to us that they considered the union and CSEA to be one and the same for collective bargaining purposes, and that they considered CSEA to be the bargaining agent for the union. They also conceded, however, that the two are separate entities, as is apparent. The fact that *they* consider themselves to be one and the same, or one as the agent of the other for collective bargaining purposes, is not sufficient to make them such for purposes of subject matter jurisdiction in this court.

The factual background is not in dispute. The town of East Hartford and the union entered into a working agreement covering the period of July 1, 1980, to June 30, 1982, in which the union was recognized as the bargaining agent for certain town employees. For approximately two and one-half years prior to August, 1981, the employee was employed by the town as an information technician for the police department.

In August, 1981, the employee took a promotional examination for a job as a caseworker in the social services department. As a result, she was offered and accepted the position. According to § 34.1 (a) and (b) of the town's personnel rules and merit system, employees must serve a three month period of probation when granted promotional appointments. An extension of up to two months of that period may be granted by the personnel director upon request by the particular department head. In late October, 1981, the director of social services sought a two month extension of the probationary period citing a need for additional supervisory and observation time. The employee objected in writing to both the director of social services and the town personnel director. The personnel director extended the probationary period for one month commencing November 10, 1981. By letter dated November 19, 1981, the employee was informed that her employment as a caseworker was terminated due to unsatisfactory work. A second letter informed her of the availability of her prior position. The employee, however, had previously indicated that she did not wish to return to that position. By letter dated November 23, 1981, the deputy chief of the police department informed the employee that failure to resume her former position with the police department would result in complete severance from employment by the town.

On December 21, 1981, the employee filed a written complaint with the personnel director. Since she was

a probationary employee, the plaintiff refused to hold a grievance hearing under the contract. A formal grievance was filed by the union on March 26, 1982. The matter was submitted to the state board of mediation and arbitration which concluded, in June, 1984, that the matter was arbitrable. On March 28, 1985, the board found for the employee holding that she had been discharged without just cause and was entitled to be reinstated as a caseworker with the commensurate benefits.

On appeal, the trial court vacated the award, finding that the termination was final on November 23, 1981, and finding that no grievance had been filed until March 26, 1982, well beyond the thirty day time limit set forth in article 13.3[5] of the working agreement. These appeals ensued.

Arbitration is peculiarly a creature of contract, and the parties, by drafting and agreeing to the submitted contract, vest certain authority in the arbitrators. See generally *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 613, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). Since the parties themselves grant power to and draw limits for the arbitrators, they are strictly bound by the limits they have set. *Norwich R. C. Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 476, 325 A.2d 274 (1973); *Wolf* v. *Gould,* 10 Conn. App. 292, 297, 522 A.2d 1240 (1987).

Judicial review of an arbitration award is stringently limited by statute and confined to examining the parameters of the contractual agreement between the parties. If the agreement specifies that the issue of arbitrability is within the purview of the arbitrator, the

---

[5] Article 13.3 of the working agreement provides in pertinent part: "Employee grievances must be indicated no later than thirty (30) days following the date of the incident giving rise to the alleged grievance . . . ."

court is bound by the arbitrator's decision on that issue unless the decision falls within the exceptions of General Statutes § 52-418[6] or procedurally violates the agreement between the parties. *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62–63, 357 A.2d 466 (1975); *Costello Construction Corporation* v. *Teamsters Local 559*, 167 Conn. 315, 318, 355 A.2d 279 (1974); *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.*, 5 Conn. App. 61, 64, 496 A.2d 539 (1985); *Flynn* v. *Newington*, 2 Conn. App. 230, 236, 477 A.2d 1028, cert. denied, 194 Conn. 804, 428 A.2d 709 (1984).

The specific clause in a collective bargaining agreement relating to the question of arbitrability is separate and distinct from the remainder of the agreement. The parties may empower the arbitrators to make legal and factual conclusions. This can include interpreting the provisions of the agreement specifically applicable to the dispute under consideration. This does not mean, however, that the arbitrators are automatically authorized to determine the threshold question of arbitrability. Whether the parties have submitted the question of arbitrability to arbitration, as well as the merits of the dispute, depends upon the intention manifested in the agreement. A party has no obligation to submit any issue to arbitration unless it chooses to do so. Thus, unless specifically granted to the arbitrators, the issue of arbitrability lies with the court. The court must also

---

[6] The defects which merit vacating an award are delineated in General Statutes § 52-418 (a) as follows: "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

determine the intent of the agreement and construe it accordingly. *Security Ins. Co. of Hartford* v. *DeLaurentis,* 202 Conn. 178, 183, 520 A.2d 202 (1987); *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961).

Initially, we must decide if arbitrability was to be determined by the arbitrators in this case. Our Supreme Court has stated that the "intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as 'all questions in dispute and all claims arising out of' the contract or 'any dispute that cannot be adjudicated.' " *Board of Education* v. *Frey,* 174 Conn. 578, 581, 392 A.2d 466 (1978).

We are convinced that the question of arbitrability was submitted to the arbitrators by the broad language of article 13.0 of the contract. That portion of the collective bargaining agreement provides: "Grievances arising out of matters covered by this Agreement and disputes and consultations of *any questions arising out of the employer-employee relationship* will be processed in the following manner . . . . " This is essentially the same broad, all inclusive language that our Supreme Court held, in *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 105, 438 A.2d 1171 (1981), was intended to submit the question of arbitrability to the arbitrators. Thus, the question of arbitrability was properly before the arbitrators.

A trial court's review of the arbitrator's decision on arbitrability, however, includes the question of whether the arbitrators' conclusion "procedurally violates the parties' agreement." *Costello Construction Corporation* v. *Teamsters Local 559,* supra, 318. We have held that the failure to file a timely grievance is a question of

procedure stemming from the agreement itself. See *Flynn* v. *Newington,* supra, 235. The trial court, therefore, had the authority to substitute its finding that the grievance was not filed until March 26, 1982, for the arbitrators' finding. Since the grievance was late, the court concluded that arbitration of the merits was precluded.

We conclude that the trial court did not exceed its scope of review and properly vacated the award rendered in favor of the union. In view of our holding, it is unnecessary to consider the plaintiff's alternate grounds to sustain the decision of the trial court.

There is no error in the first case (4657); the appeal in the second case (4760) is dismissed.

In this opinion the other judges concurred.