[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM ARBITRATOR'S AWARD MOTION TO VACATE AWARD AND MOTION TO DISMISS
The principal issues presented by this case are whether there was an arbitration proceeding; if so, whether a final award was issued; and, if so, whether such award was void for lack of timeliness in violation of General Statutes section52-416 (a).
The plaintiff Lewis Construction Company, Inc. (Lewis) performed certain construction work for the defendant J. Associates, Inc. (J. Associates), and after a dispute arose with respect to the work, Lewis filed a mechanic's lien on property of J. Associates. Thereafter the parties executed a `Disputed Claim Procedure Agreement' which appointed Attorney CT Page 6091 Thomas J. Londregan arbitrator. Said agreement also provided in part: "Whereas, (the parties) have agreed to resolve the dispute through means of a binding arbitration procedure in lieu of the litigation of said dispute"; "(b) Attorney Thomas J. Londregan . . . shall serve as Arbitrator before whom (the parties) shall present evidence for the determination of the issues in controversy . . . to wit, the damages due Lewis, if any as a result of the work allegedly performed. . . ." and "(e) (The parties) do further agree that any award determined by the Arbitrator shall be binding on (them) and that a judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof." and "(g) The award of the Arbitrator shall be accompanied by findings of fact and a written statement of the reasons for the decision".
Attorney Londregan heard the matter over a three day period, and the parties stipulated that the hearing was concluded on January 2, 1991, and that no post hearing briefs or other evidence was filed. On February 7, 1991, Londregan rendered his decision in writing in accord with the submission, and transmitted it to the attorneys for the parties who received it on February 11, 1991.
The plaintiff on March 15, 1991 filed an application to confirm the award and the defendant moved to vacate it on April 29, 1991, and also moved to dismiss the case. Both parties filed memoranda of law.
Defendant first argues that this court has no jurisdiction to confirm the proposed "non-arbitration determination." Dependant notes that the subject agreement was characterized as a "Disputed Claim Procedure Agreement" rather than an arbitration agreement, and that Attorney Londregan characterized himself as an "impartial hearing officer" rather than an arbitrator. The court disagrees with the defendant.
"(A)n agreement to arbitrate is not required to be stated in any particular form or wording, and the use of technical or formal words is not required." Harry Skolnick 
Sons v. Heyman, 7 Conn. App. 175, 178, cert. denied 200 Conn. 803
(1986) (citation omitted). "As with the construction of any contractual provision, the decisive question is the intent of the parties." Id. at 179. "(T)he intent of the parties that arbitration be the exclusive method for the settlement of disputes arising under the contract must be clearly manifested. This express intent by both parties to enter into the arbitration agreement is essential to its existence. Id. (citations omitted).
It is evident that the "Disputed Claim Procedure CT Page 6092 Agreement" at issue indicates the parties' express intent that their dispute be resolved through arbitration. The agreement provides: "(The parties) have agreed to resolve the dispute through means of a binding arbitration procedure in lieu of litigation of said dispute." It further provides that "(the parties) agree that any award determined by the Arbitrator shall be binding on the parties and that a judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof." There are numerous other provisions which indicate that the parties intended to resolve the dispute through arbitration. Therefore, the hearing was an arbitration, and the decision rendered by Londregan was an arbitration award and was within the submission.
This court, therefore, has jurisdiction over the issue of whether or not the arbitrator's award should be confirmed under General Statutes section 52-417, and this claim of the defendant lacks merit.
The defendant's motion to dismiss rests upon a similar claim, (lack of subject matter jurisdiction pursuant to P. B. section 143) and needs no additional discussion, and is therefore denied.
The defendant next argues, relying on Connecticut General Statutes section 52-416 (rev'd to 1991) that the arbitrator's award has no legal effect because his notice of award was issued to the parties more than thirty days after the completion of the arbitration hearings. This court disagrees with the defendant. Connecticut General Statutes section52-416 (a) provides:
 Sec. 52-416. Time within which award shall be rendered. Notice (a) If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing.
The parties have stipulated that the arbitration CT Page 6093 hearings were completed on January 2, 1991, and that neither party has filed any additional evidence or post trial briefs after the hearings were completed.
As can be seen from the written agreement, this case involved an unlimited submission both substantive and procedural, to arbitration. The statutory thirty day rule, therefore, is not applicable because the arbitrator controlled the procedure and had the authority to render his decision within a reasonable time after the completion of the hearings. The arbitration agreement contains the following clauses:
 d. Lewis and J. Associates do further agree that the arbitration procedure including, but not limited to, the applicable rules of evidence shall be determined solely by the Arbitrator and the parties do hereby agree to be bound thereby. (emphasis added). e. Lewis and J. Associates do further agree that any award determined by the Arbitrator shall be binding on the parties and that a judgment upon the award rendered by the Arbitrator may be entered in any Court having jurisdiction thereof.
 g. The award of the Arbitrator shall be accompanied by findings of fact and a written statement of the reasons of the decision.
 j. The Arbitrator shall fix the date, time and place of the hearing. The Arbitrator shall notify the parties by telephone, seven (7) days in advance of the hearing date.
In AFSCME v. New Britain, 206 Conn. 465 (1988), the court stated that "(i)n the absence of a mandatory time limitation . . . an award of arbitrators may be made within a reasonable time." Id. at 468 (citations omitted); see also Carr v. Trotta, 7 Conn. App. 272, cert. denied 200 Conn. 806 (1986), a case cited and relied upon by the defendant, (holding that the arbitrator had the authority to extend the completion date of hearing until a transcript was received; and that the test is whether that decision (to extend) is reasonable) so Carr, supra, does not help the defendant.
In East Hartford v. East Hartford Municipal Employees Union, Inc., 206 Conn. 643 (1988), an employment dispute was submitted to arbitration pursuant to a collective bargaining agreement between the union and the town. The town argued that CT Page 6094 under the collective bargaining agreement, employee grievances must be submitted within thirty days of the incident in question, and that since the union did not file the grievance until after 127 days had elapsed, the arbitrator lacked jurisdiction to resolve the claim. Notwithstanding the objection concerning timeliness, the arbitrator found the dispute arbitrable, and rendered a decision in favor of the discharged employee. Later, the Superior Court vacated the award for lack of timeliness and the Appellate Court affirmed. 10 Conn. App. 611
(1987).
In reversing the Appellate Court, our Supreme Court held that an arbitrator's determination of procedural questions growing out of a dispute is entitled to the same degree of judicial deference as his conclusions concerning substantive claims. Id., at 650. The court further stated:
 (T)his court in Gary Excavating v. North Haven, 164 Conn. 119, 121-25, 318 A.2d 84
(1972), held that when a contract provides for unlimited submission of disputes to arbitration it is a matter for the arbitrators, not the courts, to determine whether a party has waived its contractual right to arbitration because of untimeliness in pursuing a complaint. "Failure to follow the steps agreed on as prerequisites to the right to arbitration may bring about waiver; Batter Building Materials Co. v. Kirschner, 142 Conn. 1, 110 A.2d 464 (1954), but in the present case, by virtue of the broad scope of (a provision) of the contract, the appropriate body to hear claims regarding procedural prerequisites to arbitration must be the arbitration panel." Id., 125. In Gary Excavating, Inc., this court stated that whether arbitrators or courts should resolve questions of timeliness and waiver must be decided on a case by case basis depending on the language of the contract. "In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators. A. Sangivanni Sons v. F. M. Floryan Co., 158 Conn. 467, 262 A.2d 159 (1969)." Id., 122. "(T)he agreement between the parties remains the focal point for determining CT Page 6095 whether timeliness and notice requirements are matters for arbitration. A. Sangivanni 
Sons v. F. M. Floryan Co., supra, 471." Id., 125.
Therefore, the arbitrator's decision cannot be disturbed solely because it was rendered forty days after the completion of the hearings, as the parties have contractually empowered the arbitrator to decide all issues of procedure, without limitation. This includes the date within which to render a decision so long as it was rendered within a reasonable time, where as here, it was.
Furthermore, even if the thirty day rule (set forth under section 52-416 (a)) is applicable to the present case, the defendant has waived its right to challenge the award on this ground, as it did not timely object to the late issuance of the award. In Diamond Fertilizer Chemical Company v. Commodities Trading Int'l Company, 211 Conn. 541 (1989), the court held that by failing to object to the continuation of the arbitration proceedings after being asked to confirm that the hearings were to proceed in accordance with the Rules of the Society of Maritime Arbitrators, the plaintiff had acquiesced in the use of those rules. Id. at 551. See also, Waterman v. United Caribbean, Inc., 215 Conn. 686 (1990) (construing Connecticut General Statutes section 51-183b, which requires the trial court to render judgment not later than 120 days after completion of trial; holding that consent may be implied from a failure to object seasonably after a delayed judgment has been rendered.
The defendant as the party challenging the award has the burden of demonstrating that the award violates the parties' agreement. The court must make every reasonable presumption in favor of the arbitrator's acts and proceedings. Diamond Fertilizer, supra, 550. In this case the defendant has failed to show that the arbitrator has exceeded his powers or imperfectly executed them in violation of section 52-418 (a)(1)(4) in rendering his award ten days late. The defendant did not advise the arbitrator or the other party of its position on timeliness prior to the entering of the award, or object to the award within a reasonable time after it was rendered.
Our Supreme Court has ". . . made it clear that (it) will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." Diamond Fertilizer, supra, 553.
The defendant next argues that the award cannot be confirmed because it is not final and definite as between the CT Page 6096 parties. According to the defendant, Attorney Londregan's statement in the cover letter accompanying the decision that "(i)f any of your clients wish any further explanation or feel that I have not adequately addressed any of the issues, I will be glad to clarify my decision" renders the decision not final and definite. The defendant cites no authority for this I position. The court has reviewed the arbitrator's findings, which are comprehensive and detailed and concludes that the award is final and definite, and within the submission, and an offer by the arbitrator to clarify or explain the decision does not change its status as such.
 IV
The defendant next argues that the award cannot be confirmed because notice of the decision was sent to the parties' attorneys, rather than to the parties themselves. Connecticut General Statutes section 52-416 (rev'd to 1991) provides that written notice of the award shall be given to each party. A search of Connecticut case law has found no appellate case determinative of this claim, nor has the defendant cited any authority in support of its assertion. However, given the present policy which favors arbitration as a means of settling disputes, see AFSCME v. New Britain, 206 Conn. 465, 469 (1988), and established procedure set forth in our rules of practice that all pleadings and notices be served on counsel of record, the validity of the award may not be challenged on this technical ground.
Moreover, this claim and the one preceding it were not made in a timely motion to vacate as required by General Statutes section 52-420, and are therefore not properly before this court.
 V
Finally, the court notes that during the hearing on the parties' motions on the short calendar, the defendant reserved the right to produce evidence on the "impropriety" issue raised in its motion and brief, should the court decide the other issues adversely to it. The court further observes that this issue is not one which implicates subject matter jurisdiction and therefore comes within those that must be raised in a motion to vacate under section 52-418 (a); as such motion must be filed within thirty days from the rendition of the award pursuant to section 52-420 (b), the defendant has a heavy burden of proof on this issue.
Accordingly, for the foregoing reasons, the plaintiff's application to confirm the award is granted and the CT Page 6097 defendant's motion to vacate the award is denied. However, the defendant shall have leave to request a hearing limited only to the issue reserved within thirty days from the issuance of this decision.
TELLER, J.