[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, City of West Haven ("City"), has moved to vacate and the defendant, American Federation of State, County and Municipal Employees, Local 681 ("union"), has moved to confirm an arbitration award entered by an arbitration panel of the State Board of Mediation and Arbitration on March 15, 1991.
The issue to be arbitrated, as framed by the parties, was as CT Page 10841 follows:
Was the termination of Kathy Calabritto for just cause?
If not, what shall the remedy be?
Identifying Kathy Calabritto variously as "the grievant" and "the employee", the three-member arbitration panel issued the following award:
The grievance is upheld.
 The grievant should be returned to work for the City and bump into a position allowed by the contract privilege. The Grievant should be made whole for all wages and benefits. Any wages earned by the Grievant since termination shall be deducted from wages due the employee.
The City has timely filed an application to vacate this award pursuant to 52-418 (a)(4) C.G.S., which provides, in pertinent part, that an arbitration award may be vacated if the court finds that ". . .the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
The City objects that the arbitration panel has failed to adjudicate the controversy actually presented to it according to the terms of the collective bargaining agreement and has instead created a right, not stated in the collective bargaining agreement, for a second "bump" if an employee does not perform adequately in the first position to which she elects to "bump" when her job is eliminated.
The City also objects that the award is not in conformity with the submission because the panel never answered the issue posed, that is "was the termination of Kathy Calabritto for just cause" and tacitly indicated that the grievant could not do the job from which she was terminated by failing to order her reinstated to that job and instead identifying, as a remedy, that she should "bump into a position allowed by the contract privilege."
Judicial review of a voluntary arbitration is limited. The award must be undisturbed unless it falls within the proscriptions of 52-418 C.G.S. or procedurally violates the parties' agreement. O G/O'Connell Joint Venture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133, 155 (1987). In deciding whether an arbitrator exceeded his powers, the court need only determine whether the award conforms to the submission. O G/O'Connell, supra, at 153; CT Page 10842 Bic Pen Corp v. Local No. 134, 183 Conn. 578, 584 (1981); Stratford v. Local 134 IFPTE, 201 Conn. 577, 583 (1986).
Where, as here, a submission is unrestricted, the court is not to review the evidence or the legal question decided by the arbitrators. O G/O'Connell, supra, at 154.
In inquiring whether the award conforms to the submission, the court's task is to examine the submission and the award to determine whether the arbitrators indeed answered the issue presented to them. For example, in Stratford v. Local 134, IFPTE, supra, at 584, the Supreme Court noted that the issue posed in the submission was whether a particular personnel action violated the contract and, if so, what the remedy should be. The Court noted that "[i]n their award the arbitrators answered that the plaintiff had violated the contract, and, accordingly ordered it to make remedial payments." Id.
Likewise, in Gennarini Construction Co. v. Messina Printing and Decorating Co., 5 Conn. App. 61, 63 (1985) the Appellate Court noted that the unrestricted submission was essentially as follows: "Does A owe B money? Does the arbitrator have authority to enter a remedy provided by a particular statute? If so, should the statute be applied and, if so, what should the remedy be?"
The arbitrator found that money was owed, found that he had authority to apply the statute, found that the statute should be applied and statutory remedies awarded, and fixed the extent of those remedies. Id. In upholding the trial court's granting of a motion to confirm the award, the Appellate Court tacitly found that the award conformed to the submission in Gennarini.
In the case at bar, a comparison of the submission and the award does not yield the same correspondence. The issue posed was whether the termination of the employee was for just cause. The award does not answer this question but states that "the grievance is upheld." Even if the "arbitration award" is construed as including the arbitrator's discussion of the facts as well as the conclusion which they denominated "Award," the arbitrators did not directly answer the question posed to them.
The arbitration panel determined that the grievant, Kathy Calabritto, had worked for the City for five years and that in July 1990 the City was considering eliminating her position as an Administrative Clerk I in the Controller's office. Before that job was eliminated, the grievant determined that there was a clerk's position vacant in the City Tax Office. She was awarded that job but did not perform it "satisfactorily." Because her former job had been eliminated, the City treated the grievant as an employee whose job had been terminated and CT Page 10843 allowed her to exercise the "bumping" right afforded her by Article V of the collective bargaining agreement between the parties.
On July 23, 1990, the panel found, the grievant chose to bump into the position of clerk typist in the City Clerk's Office, however her performance was found to be inadequate by her new supervisor.
The panel declared itself unable to give full weight to negative evaluations of the grievant's performance in the new position, however its formulation of a remedy returning her not to that position but to a second "bump" position appears inconsistent with a finding that she was able to do the work of the position from which she was terminated, and the panel did not find that she was able to perform the duties of the position from which she was terminated. By failing to answer directly the question whether the termination was for just cause, the panel failed to render an award that conformed to the submission.
Additionally, the remedy ordered cannot be considered to conform to the submission if there is no "contract privilege" for a second "bump," since the parties cannot have been understood to have authorized the arbitrators to fashion remedies not supported by the term of the collective bargaining agreement.
The right to bump another employee in the event of elimination of a position is set forth in Article 5.3 of the collective bargaining agreement:
 There shall be, in the event of. . .abolishment of jobs, bargaining unit wide bumping privileges. In the event the employee does not hold enough seniority to remain in his/her own department he/she shall have the privilege of bumping an employee in another department with less seniority providing he/she is qualified to perform the job in question. All bumps must be of a lateral or lower classication.
The management rights clause of the contract, Article II, reserves to the City the right to hire, fire and transfer "subject only to such regulations and restrictions governing the exercise of these rights as provided in this agreement."
Accordingly, if the contract creates no right to a second "bump", the management right clause preserves the City's discretion whether or not to offer such an opportunity, and the panel expressly found that there is no past practice of doing so as the situation has not arisen in the past. CT Page 10844
The court makes every reasonable presumption in favor of an award. East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368,373-374 (1989). Where there are two reasonably possible interpretations of an award, one that would uphold the award and one that would invalidate it, the presumption of the validity of the award has been held to require the reviewing court to adopt the interpretation that supports a finding of validity. Board of Education v. Waterbury Teacher's Association, 216 Conn. 618 (1990); East Haven v. AFSCME, supra, at 374.
Here, the arbitration panel has not approached the issue actually posed to it, the existence of good cause for termination, but has taken it upon itself to add to the collective bargaining agreement a "privilege" of a second bump, a privilege not set forth in the actual agreement and at odds with the City's reservation of discretion. The court finds no way of interpreting the award in this arbitration as conforming to the submission.
The terms of the submission limited the panel's authority: the parties entrusted to them only the issue actually submitted, not a broad right to fashion a substitute for the personnel decisions of the City in the situation presented. The arbitration panel failed to render an award that conformed to the submission and the application to vacate the ward is, therefore, granted, and the application to confirm the award is denied.
Remand
Section 52-418 (b) C.G.S. provides that if an award is vacated and the time within which the award is required to be rendered has not expired, the court may, in its discretion, direct a rehearing by the arbitrators. Middletown v. Police Local No. 1361,187 Conn. 228 (1982).
While some nonconformities are such that a rehearing is unwarranted, Hartford v. Local 760, 6 Conn. App. 11 (1986), the nonconformity identified in the instant case is such that the court finds that it should exercise its discretion to order a rehearing on the issue submitted. The collective bargaining agreement contains no limitation as to the time for rendition of the arbitrator's decision.
Accordingly, the controversy is remanded to the arbitration panel with instructions to render an award on the issue submitted in accordance with the provisions of the parties' collective bargaining agreement. CT Page 10845
The City shall recover its costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT