[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENT'SMOTION TO DISMISS DATED FEBRUARY 17, 1995 (NO. 102)
The complainant, Leroy Anderson was an employee of the respondent, City of West Haven (West Haven), since August of 1986 and was also a member of the respondent, Communications Worker's of America, AFL-CIO, Local 1281 (Union). In June of 1992, Anderson was told that his position was being terminated and that, pursuant to a collective bargaining agreement between West Haven and the Union, he would be able to take another job of equal or lesser pay as long as he was qualified for that job. Anderson applied for the position of zoning enforcement officer. He did not receive this position because it was determined that he was not qualified for the job. Anderson filed a grievance with the Union alleging that West Haven violated the collective bargaining agreement by not allowing him to take the position of zoning enforcement officer and subsequently, the Union presented the grievance to West Haven.
On November 3, 1993, the grievance was heard by respondent, State Board of Mediation And Arbitration (State Board) and was argued by West Haven and the Union. On October 31, 1994, the State Board denied Anderson's grievance.
In a motion dated November 29, 1994, Anderson moved to vacate the arbitration award. On February 17, 1995, West Haven filed a motion to dismiss Anderson's motion to vacate the arbitration award and a memorandum in support arguing that Anderson lacked standing to bring his motion. On February 27, 1995, Anderson filed an objection to the motion to dismiss with an accompanying memorandum. Both West Haven and Anderson filed supplemental memorandums in support of their respective positions and, on July 20, 1995, submitted by agreement the Agreement Between the City of West Haven and Communications Workers of American AFL-CIO Local 1281 (defendant's exhibit 1).
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). Practice Book § 143 states in part, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book § 143; Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal CT Page 11776 quotation marks omitted.) Gurliacci v. Mayer, supra, 542.
"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." PresidentialCapital Corp. v. Reale, 231 Conn. 500, 504, 652 A.2d 489 (1994).
In the present case, West Haven argues that since Anderson did not appear or argue on his own behalf at the arbitration, he cannot be considered a party to the arbitration and thus does not have standing under General Statutes § 52-418[1] to bring this motion to vacate. Anderson argues, however, that he was a party to the arbitration for purposes of General Statutes § 52-418
because the collective bargaining agreement between West Haven and the Union provides him with a personal right to seek arbitration on his own.
In East Hartford v. East Hartford Municipal Employees Union,Inc., 10 Conn. App. 611, 525 A.2d 112 (1987), the court emphasized that "unless a collective bargaining agreement provides for a personal right to seek arbitration, an employee subject to the agreement is not a `party to the arbitration' . . . ." Id., 612, quoting Housing Authority v. Local 1161, 1 Conn. App. 154, 156,468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984).
In the present case, Article 6, Section 3, of the collective bargaining agreement states, in part, that "the grievant, or his/her designated representative, and/or the Employer, may within thirty (30) days thereafter submit the dispute to arbitration. . . ." Article 6, Section 5, also states, in part, that "[a]ny individual employee may present a grievance to his/her employer and have the grievance adjusted, without intervention of the union provided the employee first gives notification in writing, to the union . . . ." See Agreement between the City of West Haven and Communications Workers of America, AFL-CIO Local 1281 (July 1, 1991 — June 30, 1993). Therefore, the collective bargaining agreement at issue in the present case does provide for a personal right to seek arbitration.
West Haven cites Mazur v. Blum, 184 Conn. 116, 441 A.2d 65
(1981), in support of its contention that the individual employee CT Page 11777 does not have standing to challenge an arbitration award. InMazur v. Blum, the court interpreted the statutory provisions governing the collective bargaining disputes between municipalities and teacher unions, General Statutes § 10-153a
through § 10-153f. It ruled that these provisions do not provide an individual employee the right to challenge an arbitration award because Section 10-153f(c)(7) specifies that only the board of education and the exclusive representative of the unit are the parties to the arbitration. See also Hartford v. Local 308,171 Conn. 420, 429, 370 A.2d 996 (1976) (interpreting the language of § 7-472, "municipal employers and employee organizations," not to include an individual employee as a "party to the arbitration.")Mazur v. Blum is distinguishable from the present case as Mazur v.Blum was brought pursuant to statutory provisions which did not provide the individual employee with a personal right to seek arbitration.
Because the collective bargaining agreement in the present case provides Anderson with a personal right to seek arbitration, the court finds that Anderson was a party to the arbitration for purposes of filing the motion to vacate.[2] Furthermore, no authority can be found to indicate that Anderson relinquished his right to file the motion to vacate by allowing the Union to represent his interests at the arbitration.
Accordingly, West Haven's motion to dismiss is denied.
JOHN W. MORAN, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 11782