[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
The plaintiffs in this case are locals 387, 391, and 1565, Council 4, AFSCME, AFL-CIO hereinafter referred to as the "Union". The defendant is The State of Connecticut Department of Corrections hereinafter the "State". They are parties to a collective bargaining agreement governing wages, hours and other terms and conditions of employment. A grievance was filed by the Union on July 23, 1997 on the issue of the effective date of the 1995-1996 and 1996-1997 annual increments. The Union filed the grievance pursuant to the collective bargaining agreement which provides for the resolution of grievances by final and binding arbitration. The Union maintains that the effective date of the increments should be June 20, 1997 and not July 4, 1997 as claimed by the State. Upon the denial of the grievance the Union took the matter to arbitration.
The parties stipulated to the following threshold issue:
 "What shall be the effective of the 1995-1996 and 1996-1997 annual increments, July 4, 1997, or June 20, 1997?"
A hearing was held on January 5, and 14, 1998 at which the parties appeared and later briefed the issue. The arbitrator took the matter under advisement and issued the following award on April 2, 1998: CT Page 8203-cz
 "Based on all the facts, it cannot be said that the employer violated the agreement when it paid the 1995-1996 and 1996-1997 annual increments effective on the payroll that began on July 4, 1997. For these reasons the grievance must be denied."
The Union has filed the necessary application to vacate on the grounds that
 1. "The arbitrators exceeded their powers or so imperfectly executed them such that a mutual, final and definite award upon the subject matter was not made."
 2. "The arbitrators are guilty of misconduct by which the rights of the Unions have been prejudiced."
3. "The award is against public policy."
The State denies the allegations of the Union. Both parties have filed briefs. At the hearing on short calendar both parties agreed to have this court take the matter on the briefs without oral argument. The court has examined the arbitration award and the briefs of both parties and is of the opinion that the application to vacate the arbitration award should be denied.
Both parties agree the courts favor arbitration as a means of settling disputes citing among other cases City of New Haven v. AFSCME Council 4Local 287, 195 Conn., 266, 270-71 (1985). Both parties also agree that a court will examine an arbitrators award if it falls within the proscriptions of C.G.S. § 52-418. Board of Education of the City ofBridgeport v. Bridgeport Education Association, 173 Conn., 287, 290
(1977). The Union maintains that if the court finds that a party has violated any part of C.G.S. § 52-418 the court shall vacate the arbitration award. It further maintains that when examining an arbitration award the court first looks to the award and the submission and it basically agrees with the defendant, State, that if the award conforms to the submission the court will generally uphold the award. The Union however, maintains that the court may, however, examine the merits of an arbitration decision in considering whether the arbitrator has failed to abide by his obligation to remain within the scope of his authority under the submission.
The State maintains that the arbitration utilized in this case was a consensual unrestricted submission and that when arbitration is consensual rather than statutorily imposed judicial review is limited in scope citing many cases for this proposition. CT Page 8203-da
If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact and judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether and in accordance with the powers conferred upon the arbitrators, the award conforms to the submission. City of New Haven v. AFSCME, Council 15 v. Local 530 AFL-CIO
(citations omitted). Our courts have consistently ruled that they will not intrude and interfere unless the award clearly falls within a specific prohibition of 52-418. "Only upon a showing of a egregious error, which the record does not substantiate, does the court have authority to review the record to determine the sufficiency of the evidence in support of an administration award". O O'Connell JointVentures v. Chase Family Limited Partnership #3 203 Conn. App. 154-55. No such showing had been made by the union in this case.
"It is the established policy of the courts to regard awards with liberality. Every reasonable presumption and intendment will be made in favor of the award and the arbitrators' acts in proceedings. Hence the burden rests on the party attacking the award to produce evidence to invalidate or void it." (citations omitted) AFSCME, Council 15 v. NewBritain, 206 Conn. 465, 538 (1988). No such evidence has been produced.
In deciding whether an arbitrator has exceeded his power, the court only examines the submission and the award to determine whether the award conforms to the submission. Town of East Haven v. AFSCME, Council 15,Local 1662. 212 Conn. 368 (1989). In O G/O'Connell, supra, the Supreme Court stated "in this case, because neither the plaintiff's demand for arbitration nor the defendant's answer contain any conditional language restricting the powers of the arbitrators, the submission was unrestricted . . . Since the award conforms to the submission, the defendant's claim that the arbitrator's exceeded their powers is without merit." It is improper to go beyond the submission
When the party alleges under 52-418 that the arbitrator exceeded his or her powers, the focus becomes the submission to the arbitrator. It would be improper for the court to go beyond the submission and look first to the provisions of the agreement. An arbitration award which tracks the language of the parties' submission and conforms to it cannot be vacated as having exceeded an arbitrator's powers under the statute. GennariniConstruction Company Co., Inc. v. Dimacini Painting and Decorating Co.5 Conn. App. 61 (1985).
The submission was clear. The award was clear and unambiguous. There is nothing to indicate a violation of § 52-418 C.G.S. Therefore, it is the opinion of the court that the award conforms to the submission. CT Page 8203-db
Although it raised two other claims in the Application to Vacate, i.e., misconduct and public policy, same were abandoned by the union and therefore are not considered by this court. The plaintiff's application to vacate the arbitration award is denied.
 ___________________ Hale