WALTER A. HANSTED *v.* SAFECO INSURANCE
COMPANY OF AMERICA
(7375)

DALY, O'CONNELL and FOTI, Js.

Argued May 17—decision released August 29, 1989

*Stephen R. Bellis,* for the appellant (plaintiff).

*Matthew E. Frechette,* for the appellee (defendant).

FOTI, J. In this breach of contract and indemnification action, the plaintiff appeals from the judgment rendered in favor of the defendant. The dispositive issue is whether the trial court erred in finding that the plaintiff's action was barred by the doctrine of collateral estoppel. We find error.

The following facts are undisputed. In a prior action initiated in February, 1986, Rocco Candella, by his subrogee, Safeco Insurance Company of America (Safeco), sued Walter Hansted for negligence. *Candella v. Hansted,* Superior Court, judicial district of New Haven, No. CV86-245366 (September 24, 1986). In that case, Candella alleged that as a result of Hansted's negligent operation of Candella's vehicle, Hansted drove the car off the road and into a tree, causing $8587.38 worth of damage to the car. The complaint stated that Hansted did not have permission to drive the vehicle. In that action, Hansted was defaulted for failure to appear. Thereafter, pursuant to Practice Book § 367 and General Statutes § 52-221, Hansted filed a notice of his intention to defend as to damages by presenting evidence that he had permission to drive Candella's car, thereby entitling him to indemnification under Candella's insurance policy with Safeco. After the trial court refused to permit such evidence at the hearing in damages, judgment was rendered against Hansted and damages in the amount of $8287.58 were awarded. No appeal was taken from the judgment. Hansted's insurer, General Accident Insurance Company (General), satisfied the judgment.

On June 23, 1987, Hansted, by his subrogee, General, initiated the present breach of contract and indemnification action against Safeco, Candella's insurer. In the present suit, the plaintiff alleged that, at the time of the accident, he was a "covered person" under Candella's insurance policy with Safeco because he had permission to drive the vehicle. Hansted claimed,

therefore, that he was entitled to indemnification from Safeco for the damages paid in the *Candella* case.

The trial court found that the issue of whether Hansted had permission to drive Candella's vehicle was raised by the pleadings in *Candella* and that Hansted had a "fair opportunity to appear and defend that action." The court concluded that the default judgment rendered in the prior action constituted an admission by Hansted of all the allegations of the plaintiff's complaint including the allegation that Hansted did not have permission to drive Candella's car and, as a consequence, that he was collaterally estopped from relitigating that issue in the present action. Because we conclude that the resolution of the issue of permission was not necessary to the prior judgment, and, therefore, relitigation of that issue was not precluded by principles of collateral estoppel, we find error.

The principles with respect to collateral estoppel or issue preclusion are well established. " 'The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. . . . Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.' *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 401–402, 546 A.2d 284 (1988), [aff'd, 211 Conn. 67, 557 A.2d 540 (1989)]; see also *State* v. *Ellis,* 197 Conn. 436, 462–67, 497 A.2d 974 (1985); *In re Juvenile Appeal (83–E),* 190 Conn. 310, 313–18, 460 A.2d 1277 (1983); *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* 15 Conn. App. 504, 509–10, 545 A.2d 579 (1988). 'For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.' *Gionfriddo* v. *Gartenhaus Cafe,* supra, 402; *State* v. *Ellis,* supra, 463; Restatement (Second),

Judgments § 27; see also *P.X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 161, 454 A.2d 1258 (1983); F. James & G. Hazard, Civil Procedure (3d Ed.) §§ 11.16 through 11.19." *Virgo* v. *Lyons,* 209 Conn. 497, 501, 551 A.2d 1243 (1988).[1]

The first step in the analysis as to whether the plaintiff should be collaterally estopped from bringing this action, therefore, is to determine whether the default judgment entered against him in *Candella* constitutes a full and fair adjudication of the issue of permission. There is a divergence of views among the states and commentators as to whether a prior judgment rendered by default can have collateral estoppel effect in a subsequent action. *Slattery* v. *Maykut,* 176 Conn. 147, 159 n.8, 405 A.2d 76 (1978); see annot., 77 A.L.R. 2d 1410 (cases cited therein); 1 Restatement (Second), Judgments § 26; F. James & G. Hazard, Civil Procedure (2d Ed.) § 11.17. The resolution of this question has not been decided by a Connecticut court.[2] It is not neces-

---

[1] Issue preclusion or collateral estoppel can be distinguished from claim preclusion or res judicata. Issue preclusion is the doctrine that bars the "relitigation" of an issue of ultimate fact by the same parties upon a different cause of action. *State* v. *Aillon,* 189 Conn. 416, 424, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). By contrast, "[u]nder 'the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . .' " *State* v. *Ellis,* 197 Conn. 436, 462–63, 497 A.2d 974 (1985), quoting *State* v. *Aillon,* supra, 423–24. In *Ellis,* the court questioned the continued viability of distinguishing between claim and issue preclusion and suggested that the ultimate inquiry, as to both concepts, should be to ask whether the party had an " '*adequate opportunity* to litigate the matter in the earlier proceeding . . . .' " (Emphasis added.) *State* v. *Ellis,* supra, 464–65 n.22, quoting D. Currie, "Res Judicata: The Neglected Defense," 45 U. Chi. L. Rev. 317, 342 (1978).

[2] Although the appellate courts of this state have not yet addressed the precise issue presented in this case as to whether a default judgment may have collateral estoppel effect in a future suit, a recent Supreme Court case, which discussed the principles of res judicata generally, suggests that the

sary for us to address this issue of first impression, however, because we find that the issue of permission was neither actually decided in nor essential to the prior judgment. *Virgo* v. *Lyons,* supra.

According to the Restatement (Second), Judgments, "[i]f issues are determined but the judgment is not dependent upon the determinations, relitigation on those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta . . . . " Restatement (Second), Judgments § 27, comment, p. 258. The question, therefore, is whether "the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment." Id., p. 261.[3]

In *Candella,* the complaint alleged that Hansted negligently operated Candella's vehicle. To prove his cause of action, Candella had to establish, by a preponderance of the evidence, that Hansted owed Candella a duty of care, that this duty was breached and that the breach was the proximate cause of the actual harm suffered by Candella. *Coburn* v. *Lenox Homes, Inc.,* 186

court would, if faced with this precise issue, answer the question in the affirmative. *State* v. *Ellis,* 197 Conn. 436, 497 A.2d 974 (1985). In *Ellis,* the court stated that the term "actually litigated" should be considered broad enough to preclude a party from asserting a matter which "might" have been raised in a prior proceeding. Id., 464 n.21.

[3] Three policy considerations support the rule that to preclude an issue on collateral estoppel grounds, the issue must be determined by and necessary to a prior judgment: "(1) The parties' attention and efforts are likely to be focused on points and matters that are necessary to the result. (2) The tribunal's attention is likely to be focused on the grounds necessary for its decision. Findings that are not necessary partake of the nature of obiter dicta and the reasons for the distinction between dictum and holding in applying the rule of stare decisis also favor denying collateral estoppel effect to unnecessary findings. Both are unlikely to receive the full judicial consideration with respect either to premises or consequences that is given to the very grounds of decision. (3) Unnecessary findings are usually not subject to appellate review." F. James & G. Hazard, Civil Procedure (2d Ed.) § 11.19.

Conn. 370, 373, 441 A.2d 620 (1982); D. Wright & J. Fitzgerald, Connecticut Law of Torts (2d Ed.) § 29. Although Candella's complaint alleged that Hansted did not have permission to drive his car, it was not necessary for Candella to establish the absence of permission to prevail on his negligence claim. Thus, as to the liability phase of the prior action, the issue of permission was not essential to the default judgment rendered against Hansted.

On the facts of the case, the issue of permission was similarly neither essential nor relevant to the damages phase of the proceeding. In Hansted's memorandum of law filed in support of his notice to present a defense at the hearing in damages, Hansted stated his intention to introduce evidence that he had permission to drive the car. According to his memorandum, his express purpose for introducing this evidence was to establish that he was entitled to a defense and indemnification by Safeco under the provisions of Safeco's insurance policy with Candella. Hansted did not file a counterclaim in *Candella* seeking indemnification.[4] The trial court denied Hansted's motion to introduce evidence of permission at the hearing in damages. Although the record does not disclose the trial court's reason for refusing to permit the defendant to introduce evidence of permission, it could have reasonably found that, in the absence of a counterclaim seeking indemnification from Safeco, such evidence was not relevant to establish damages or to refute liability in a negligence action. Although the issue of permission is relevant to a claim of indemnification pursuant to the terms of the insurance contract, that claim was not

[4] Because Connecticut does not have a compulsory counterclaim rule; see Practice Book §§ 116 and 168; Hansted cannot be precluded from bringing the present claim on the ground that he failed to bring a counterclaim in *Candella* for indemnification. See 1 Restatement (Second), Judgments § 22.

before the court. Accordingly, because we find that the issue of whether Hansted had permission to drive the car was not relevant to the issues involved in the liability or damage phases of the first action, it could not have been essential to the outcome of that action. Under these circumstances, therefore, it was error for the trial court to preclude the plaintiff's action on collateral estoppel grounds.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.