[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (#115 #121)
On July 20, 1994, the plaintiff, Custom Pools By L.A. Socci, Inc., filed a six count complaint against the defendants, Underwriters, Inc. (Underwriters) and U.S.F.G. Co. (U.S.F.G.) in CT Page 929 breach of contract, unjust enrichment and violation of the Fair Debt Collection Practices Act. The facts as alleged in the complaint are as follows. Between September 15, 1986 and November 18, 1988, Underwriters, as agent for U.S.F.G., provided commercial automobile, workers' compensation and special multi-peril insurance for the plaintiff. Underwriters brought suit against the plaintiff for unpaid premiums, which was settled by stipulation for $6000.00, and for which Underwriters filed a satisfaction of judgment on August 12, 1992. U.S.F.G also brought suit for unpaid premiums for a narrower time period and pursued that action to judgment. The plaintiff alleges that the judgment received by U.S.F.G. is duplicative of the earlier judgment. The plaintiff also alleges that Underwriters' failure to notify U.S.F.G. of the earlier satisfaction of the debt, or to prevent U.S.F.G. from attempting to collect premiums constitutes breach of the contract of insurance. The plaintiff further alleges that U.S.F.G.'s attempts to collect on its judgment are in breach of the contract of insurance. Finally, the plaintiff alleges that failing to credit the earlier judgment to the plaintiff's account would unjustly enrich the defendants, and that the defendants' attempts to collect on the subsequent judgment are in violation of the Fair Debt Collection Practices Act.
On August 14, 1995, U.S.F.G. filed a motion for summary judgment on the grounds of res judicata and collateral estoppel. The plaintiff filed a memorandum in opposition on September 25, 1995, to which U.S.F.G. replied on October 11, 1995. Underwriters filed a motion for summary judgment on identical grounds on November 7, 1995.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to CT Page 930 assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendants argue that the gravamen of the plaintiff's complaint is to challenge the earlier litigation, and therefore, is barred by the doctrines of res judicata and collateral estoppel. The plaintiff contends that the judgment obtained in the previous suit by U.S.F.G. was obtained by default, and thus none of the issues raised in this action were actually litigated or necessarily determined.
Collateral attacks upon judgments are strongly disfavored "because such belated litigation undermines the important principle of finality. . . . The law aims to invest judicial transactions with the utmost permanency consistent with justice . . . . Public policy requests that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not be lightly disturbed or overthrown. . . . Such an attack on a prior judgment will prevail only if it can be shown that the judgment is void, as for want of jurisdiction; `mere error' will not suffice." (Citations omitted; internal quotation marks omitted.) Gennarini Construction Co. v. Messina Painting andDecorating Co., 15 Conn. App. 504, 512, 545 A.2d 579 (1988).
The defendants contend that the plaintiff's suit is barred by, the doctrines of res judicata and collateral estoppel. "Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. . . . Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It must also have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it has already had an opportunity
to litigate." (citations omitted; emphasis in original; internal quotation marks omitted.) Commissioner of Motor Vehicles v. DeMiloCT Page 931 Co., 233 Conn. 254, 267, 659 A.2d 148 (1995).
"Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or, those in privity with them, upon the same claim." Weiss v.Statewide Grievance Committee, 227 Conn. 802, 818, 633 A.2d 282
(1993).
The plaintiff claims that the issues in this action were not actually litigated or necessarily determined in the previous action, by U.S.F.G. because that was a judgment received by default.
"An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Citations omitted; internal quotation marks omitted.)Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-15, 627 A.2d 374
(1993). Whether a default judgment should be given preclusive effect has not yet been conclusively determined in Connecticut. Id. at 715. However, the Supreme Court has stated that "[a]lthough not every default judgment should have the same preclusive effect as an actual adjudication between the present parties, in the interest of judicial economy and repose for litigants, we envision some circumstances where it would be appropriate to give issue preclusive effect to a default judgment. We have previously noted, after addressing the scope of issue and claim preclusion, that the appropriate inquiry with respect to both types of preclusion is whether the party had an adequate opportunity to litigate thematter in the earlier proceeding." (Emphasis added; internal quotation marks omitted.) Id. at 717-18. The appellate court stated that "[a]lthough the appellate courts of this state have not yet addressed the precise issue presented in this case as to whether a default judgment may have collateral estoppel effect in a future suit, a recent Supreme Court case, which discussed the principles of res judicata generally suggests that the court would, if faced with this precise issue, answer the question in the affirmative. State v. Ellis, 197 Conn. 436, 497 A.2d 974 (1985). In Ellis, the court stated that the term `actually litigated' should be considered broad enough to preclude a party from CT Page 932 asserting a matter which `might' have been raised in a prior proceeding." Hansted v. Safeco Insurance Co. of America, 19 Conn. App. 515,518 n. 2, 562 A.2d 1148 (1989).
In regard to res judicata, the Supreme Court has stated that "a judgment of a court having jurisdiction of the parties and the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." Slattery v. Makyut, 176 Conn. 147, 157, 405 A.2d 76
(1978).
The defendants argue that the plaintiff's action is barred by res judicata and collateral estoppel, however, their arguments are directed almost exclusively to the doctrine of collateral estoppel, as is the plaintiff's memorandum in opposition. The court will consider the defendants' motions on the ground of collateral estoppel. The plaintiff claims that the issues in the present action were never litigated because the U.S.F.G. judgment was obtained by default, however, what the plaintiff is essentially challenging through this action is its liability for the payment of, the insurance premiums. In the complaint filed by U.S.F.G., upon which it received a default judgment, U.S.F.G. alleged that the plaintiff was liable for unpaid insurance premiums. Therefore, because the plaintiff's liability to U.S.F.G. for the insurance premiums was raised in the pleadings, the issue has already been litigated and was necessarily determined. The plaintiff had an adequate opportunity to litigate the issues regarding its liability because the plaintiff appealed the default judgment, and the denial of its motion to reopen, to the Appellate Court, which affirmed the decisions of the trial courts. See United States Fidelity andGuaranty Co. v. Custom Pools By L.A. Socci, Inc., 36 Conn. App. 954,651 A.2d 760 (1995). Therefore, the plaintiff's action is barred by the doctrine of collateral estoppel. Accordingly, the defendants' motions for summary judgment are granted.