[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Factual Background
The plaintiff, Gladys Walker, filed a two-count complaint, dated June 7, 1994, against the defendants Leo Richardson ("Richardson") and Nationwide Insurance Company ("Nationwide"), arising out of an automobile accident which occurred on June 27, 1992. The first count alleged negligence against Richardson, and the second count alleged breach of contract against Nationwide, who is the plaintiff's automobile insurance carrier, based on Nationwide's alleged failure to pay uninsured motorist benefits in accordance with the terms of plaintiff's policy.[1] On August 8, 1994, defendant Richardson was defaulted for failure to appear, and a default judgment in the amount of $25,000 entered against him on April 7, 1995, Hauser, J. This judgment remains unsatisfied.
The plaintiff filed this summary judgment motion against Nationwide on December 19, 1995, alleging that she is entitled CT Page 4121 to judgment as a matter of law because her insurance policy requires Nationwide to pay uninsured motorist benefits where the plaintiff has an unsatisfied judgment against a tortfeasor. Plaintiff also argues that the default judgment against Richardson collaterally estops Nationwide from relitigating the issue of the uninsured tortfeasor's negligence and, as a result, there are no genuine issues of material fact remaining in the case. In support of her motion, the plaintiff has filed a memorandum of law, a reply brief, an affidavit, and several exhibits, including the police report relating to the accident. Nationwide has filed an opposition memorandum, arguing that it can not be collaterally estopped by the default judgment against the uninsured tortfeasor, that Connecticut caselaw undermines plaintiff's legal argument, and that the granting of a summary judgment against it would violate its constitutional right to a trial by jury.[2]
 Legal Discussion
Before determining whether the plaintiff is entitled to judgment as a matter of law, it must be determined whether the default judgment against defendant Richardson has a collateral estoppel effect upon defendant Nationwide, precluding it from relitigating the issue of the tortfeasor's negligence.
The plaintiff argues that the doctrine of collateral estoppel, or issue preclusion, bars the Nationwide from relitigating the issue of the uninsured tortfeasor's negligence in this second cause of action because that issue was already determined, by way of default judgment, in the first action. Citing Hansted v. Safeco Insurance Company of America, 19 Conn. App. 515,562 A.2d 1148 (1989), the plaintiff argues that our appellate courts have not specifically determined whether a default judgment can have a collateral estoppel effect in a subsequent action, and that the Appellate Court indicated that the Supreme Court would answer such a question in the affirmative. The plaintiff has also cited caselaw from other jurisdictions and an insurance law treatise in support of her argument.
The defendant cites Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 627 A.2d 374 (1993) for the proposition that the Connecticut Supreme Court disfavors the position that a default judgment can have a collateral estoppel effect. Notwithstanding defendant's argument to the contrary, the Whipple case does not CT Page 4122 foreclose such a scenario. Indeed, the Court was unwilling to categorically disallow the application of the collateral estoppel doctrine based upon a default judgement. See Id., 717. Instead, the applicability vel non the collateral estoppel doctrine must be determined on a case by case basis, applying the traditional collateral estoppel test. Id., 714.
"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. For an issue to be subject to collateral estoppel, it must have been fully and fairlylitigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted, emphasis in original, internal quotation marks omitted).Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 714.
"An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is necessarily determined if, `in the absence of a determination of the issue, the judgment could not have been validly rendered.' If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Citations omitted, emphasis in original.) Id., 714-15.
Relying primarily on Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 596 A.2d 414 (1991), the plaintiff argues that defendant Nationwide is in privity with defendant Richardson because they share the same legal interests in this negligence action; namely, whether the uninsured tortfeasor is legally liable under the prevailing law. The plaintiff also argues that issues relating to the amount of liability are common to the two parties. Finally, the plaintiff argues that the defendant Nationwide had the opportunity to litigate the negligence issue in the first action, which is a factor to be considered in determining whether to apply the doctrine of collateral estoppel. See id., 296.
The court finds that the defendant Nationwide is in privity with defendant Richardson. "A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity." (Internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, supra, 220 Conn. 304. The court agrees with that portion of the analysis employed CT Page 4123 in Harnicar v. Nationwide Mutual Insurance Co., Superior Court, judicial district of Litchfield, Docket No. 63893 (June 7, 1995) (Pickett, J., 14 Conn.L.Rptr. 543), wherein the court found that the uninsured motorist and plaintiff's insurance carrier shared the same legal interests because the action against the uninsured motorist, which resulted in a default judgment in favor of the plaintiff, determined "whether the plaintiff was legally entitled to recover damages from the uninsured motorist." This issue, together with the issue relating to the amount of liability, were both found to be necessary to the court's judgment. Id. Furthermore, the court found that the insurance carrier had ample notice and opportunity to raise those issues in the action against the uninsured motorist. Id. Accordingly, the court found that the defendant insurance carrier was collaterally estopped from raising liability and damages issues because they were previously decided in a final, valid and enforceable judgment to which the insurance carrier was in privity with a party. Id.
Having determined that the two defendants are in privity, the next inquiry must be whether Nationwide had an "adequate opportunity to litigate the matter in the earlier proceeding."Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 719. The defendant Nationwide was named, from the outset, as a party in the original action against the tortfeasor. The defendant does not contest that it had knowledge of, and filed an appearance in, the plaintiff's action prior to the court's granting plaintiff's default motion against Richardson. The plaintiff's attorney certified that copies of the motion were sent to all counsel of record, and the defendant does not contest receiving a copy of the motion or the order granting the motion. The default judgment against Richardson was not granted until at least eight months after Nationwide first filed an appearance. During the interim, Nationwide filed a series of pleadings, motions, and discovery. The court therefore finds that Nationwide had an adequate opportunity to participate in the first action, and that the issue of negligence was fully litigated and actually decided. Jackson v. R.G. Whipple, Inc.,
supra, 225 Conn. 714. For the reasons cited above, the defendant Nationwide is collaterally estopped from relitigating the issue of the uninsured motorist's negligence.
Because the default judgment has the effect of preventing the defendant from litigating the issue of the uninsured tortfeasor's negligence, the next issue is whether the plaintiff CT Page 4124 is now entitled to judgment as a matter of law on its breach of contract claim against the defendant. In order to determine whether the defendant breached its contractual duty to pay the plaintiff under the insurance contract, the court is required to examine the policy itself. However, there is no copy of the insurance policy in the court's file. Therefore, although there appears to be no genuine issue of material fact remaining which would prevent the plaintiff from obtaining judgment as a matter of law, the court cannot grant the plaintiff's motion at this time.
Conclusion
Based on the foregoing, the court finds that the defendant Nationwide is collaterally estopped from relitigating the issue of the uninsured tortfeasor's negligence, but denies the plaintiff's motion for summary judgment without prejudice to renew the same.