[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
Plaintiff seeks a prejudgment remedy on the first count only of its two count complaint. That first count is brought for attorneys' fees, adjustment expenses, expert fees, sheriff's fees, witness fees, copy charges, and court reporter charges spent to defend an action brought against plaintiff by defendants in 1992.
FACTS
On or about April 14, 1991 a fire occurred in a building at 91 South Main Street, Unionville, Connecticut owned by defendant JA Realty Corp. (Realty) and leased to defendant Southern New England Television Service Company, Inc. (STV). At that time defendant Joseph Ancona (Ancona) was the principal shareholder in STV and in Realty. Ancona also owned personal property located within the building at the time of the fire. The plaintiff insured the premises and property under three policies. Plaintiff refused to pay defendants on said policies after investigation.
Defendants in a five count fourth revised complaint sued plaintiff in this court claiming a total of $700,000 in losses because of plaintiff's "breach of the agreements", failure "to act in good faith with regard to the settlement of the losses", slander and libel, and inflection of emotional distress. CT Page 7092
Plaintiff filed an answer and four special defenses to the first count; one special defense to the third count; and one special defense to the second count. The defendants denied all of those special defenses.
On and before August 1, 1994 that action was tried to a jury. No interrogatories were submitted to the jury. The jury verdict read as follows: "We the jury, find the issues for the defendant, Hartford Fire Insurance Group. " It was dated August 1, 1994 and signed by "P.L. Sparks Foreperson". The court ordered that verdict be accepted and recorded and entered judgment as follows:
JUDGMENT
Upon the jury finding a general verdict in favor of the defendant, judgment was accordingly entered by the Court on the above date in favor of the defendant.
BY THE COURT (LAVINE, J.)
LAW
 I. RES JUDICATA
 A. PLAINTIFF'S CLAIMS
The plaintiff's five claims of res judicata are based on the general verdict that decided the validity of the following special defenses asserted in the prior action:
FIRST SPECIAL DEFENSE (As to the First Count)
The fire of April 14, 1991, was set by, or set at the direction of the plaintiffs.
SECOND SPECIAL DEFENSE (As to the First Count)
1. The plaintiffs failed to cooperate with the defendant as they were obligated to do under the policy during the investigation and adjustment of the claim which is the subject of this lawsuit.
2. As a result of the plaintiffs' failure to cooperate the policy was voided. CT Page 7093
THIRD SPECIAL DEFENSE (As to the First Count)
1. Plaintiffs misrepresented and concealed material matters of fact relating to the insurance.
2. As a result of the aforesaid misrepresentations and concealment, the policy of insurance was voided.
FOURTH SPECIAL DEFENSE (As to the Third Count)
Any alleged libelous or disparaging statements made by the defendant, its employees or agents were protected by privilege.
FIFTH SPECIAL DEFENSE (As to the First and Second Counts)
1. The claims of the plaintiffs are controlled by the policy of insurance and the plaintiffs are required to perform all obligations set forth in the said policy.
2. The plaintiffs failed to comply with the conditions and duties required of them in the insurance policy and therefore no coverage exists under the policy.
In this action plaintiff alleges inter alia in its first count:
8. On or after April 14, 1991, the defendants submitted a claim to the plaintiff for alleged damages to the premises, to business and personal property, and to property of others, as a result of a fire which occurred at the premises on or about April 14, 1991.
9a. On or about June 5, 1991, the defendants submitted a Proof of Loss, requesting payment under the policy in the amount of $56,875.94 for damage to the building.
9b. On or about August 6, 1991, the defendants submitted a Proof of Loss, requesting payment under the policy in the amount of $250,000.00 for damage to personal property.
9c. On or about August 6, 1991, the defendants submitted a Proof of Loss, requesting payment under the policy in the amount of $250,000.00 for damage to personal property of others.
9d. On or about August 6, 1991, the Defendants submitted a Proof of Loss, requesting payment under the policy in the amount CT Page 7094 of $10,000.00 for damage to valuable papers.
9e. On or about August 6, 1991, the defendants submitted a Proof of Loss, requesting payment under the policy in the amount of $180,000.00 for business interruption.
9f. On or about August 6, 1991, the defendants submitted a Proof of Loss, requesting payment under the policy in the amount of $10,000.00 for damage to computer and media equipment.
10. After investigation, the plaintiff denied the defendants' claims based upon the defendants':
(a) commission of arson;
 (b) failure to cooperate with the plaintiff in the investigation and adjustment of the claim; and
 (c) misrepresentation and concealment of material matters of fact made relating to the insurance.
11. On or about September 10, 1992, the defendants filed a Superior Court action against the plaintiff requesting payment of said claim.
12. The plaintiff responded to the action raising the three special defenses of arson by the insured; fraud and false swearing and the failure to cooperate.
13. Between June 14, 1994 and August 1, 1994, a jury trial was held on the defendants' Complaint before Judge Douglas S. Lavine and was submitted to the jury on the defendants' claims as well as the plaintiff's three special defenses.
14. On August 1, 1994, Judge Lavine entered judgment in accordance with the Jury's general verdict in favor of the plaintiff.
15. Thereafter, the defendants appealed the judgment to the Appellate Court which affirmed the Trial Court Judgment on 3/15/96, and Petition for Cert was denied by the Supreme Court on 4/22/96.
16. The defendants breached the implied covenant of good faith and fair dealing that existed in the agreement with the CT Page 7095 plaintiff, in that they:
 (a) submitted fraudulent, misleading and inaccurate information for the purpose of inducing the plaintiff into paying their claim;
(b) filed a fraudulent claim with the plaintiff;
 (c) misrepresented material information on Proofs of Loss submitted to induce the plaintiff to pay their claim;
 (d) made false and misleading statements during an Examination Under Oath taken by the company;
 (e) filed suit against the company on a fraudulent claim;
 (f) perpetuated that suit through trial and in subsequent appeals;
 (g) failed to cooperate with the plaintiff in the investigation and adjustment of the claim; and
 (h) committed arson for the purpose of inducting the plaintiff into paying their claim.
15. (sic) As a result of the aforesaid breach of the implied covenant of good faith and fair dealing, the plaintiff was forced to expend money for attorneys fees, adjustment expenses, expert fees, sheriff's fees, witness fees, copy charges, and court reporting charges in order to investigate and defend the defendants' claim."
By virtue of the general verdict all of the special defenses raised in the first action were decided in plaintiff's favor.Curry v. Burns, 225 Conn. 782, 786. When we now compare those defenses with the allegations in the present complaint it is clear that the present allegations, as set forth in paragraph 16, that the verdict on the first special defense decided the issue of arson as set forth in subparagraph 16(h); the verdict on the second special defense decided the issue set forth in subparagraph 16(g); and the verdict on the third special defense decided the issue set forth in subparagraphs 16(a), (b), (c), and (d). CT Page 7096
B. DEFENDANTS' CLAIMS
Defendant argues that the doctrine of res judicata bars all claims that either were made and decided in a prior action, or could have been so made and decided. That is the rule for all cases in which the plaintiff in a later suit is attacking a prior judgment or a judgment that could have included that prior suit.Gennarini Construction Co. v. Messina Painting and DecoratingCo., 15 Conn. App. 504, 510-512.
It is plaintiff's position that, "The cause of action now before the court is for the insured's [defendants'] breach of the implied covenant of good faith and fair dealing. . .". The defendant never denied this assertion but only argues that "this action is based on the breach of good faith by the insured and the issue previously litigated was the question of good faith of the insurer". Those two actions are clearly not the same. But could plaintiff's claim have been made in the first action?
The claim here was not actually recognized by the parties as important and by the trier as necessary to the first judgment and thus is not subject to the rule of collateral estoppel. Hamstedv. Safeco Inc. Co. of America, 19 Conn. App. 515, 519; cert. denied 212 Conn. 819.
II. COLLATERAL ESTOPPEL
Collateral estoppel is a rule of law in Connecticut Advest,Inc. v. Wachtel, 235 Conn. 559, 565. In our case defendant claims here that plaintiff could have filed a counterclaim in the prior action and thus could have had its present claim decided then. The Restatement of Law, Judgments 2d § 22 reads as follows:
 (1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).
 (2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:
CT Page 7097
 (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
 (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.
We had no statutory requirement or rule of law that a counterclaim be interposed.
Here the relationship between the imagined counterclaim in the prior action and plaintiff's claims in the present action are not such that if plaintiff prevailed here it would somehow nullify the prior judgment or impair rights there established.See id. Comment (f).
Prejudgment remedy is granted to plaintiff on the first count in the amount of $180,000.
Norris L. O'Neill, J.