[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Resource Mortgage Banking, Ltd. (Resource Mortgage), Covino Company, Inc. and LuxMac, LLC, are in the mortgage lending and brokerage business. and are collectively referred to herein as the plaintiffs. The defendants, Cityscape Financial Corp. (Cityscape) and its subsidiary, Cityscape Corp., originate, service, sell and securitize home equity mortgage loans, and are referred to as the defendants.[1]
The plaintiffs sued the defendants in an eighteen count complaint alleging, among, other causes of action, breaches of contract based on the defendants' refusal to pay for certain assets acquired from the plaintiffs. The plaintiffs seek a prejudgment remedy of attachment and/or garnishment against the corporate defendants in the amount of $60,000,000 pursuant to General Statutes § 52-278d.
The defendants were properly served with process in this state by service upon their registered agent in accordance with General Statutes § 33-929, giving this court jurisdiction over the parties. No venue issues were raised.
The defendants filed a motion to dismiss (#122) on the common law ground of forum non conveniens. This motion was granted by this court last week from the bench before a trial on the merits of the plaintiffs' claim for a prejudgment remedy commenced. The parties were advised that the court would issue a written memorandum of decision this week setting forth the reasons for granting the motion to dismiss. CT Page 2264
The starting point for this analysis is the fact that all the plaintiffs and defendants have their principal places of business in or right outside of White Plains, in Westchester County, New York. The plaintiffs and defendants are foreign corporations who have obtained certificates of authority to transact business in this state pursuant to General Statutes § 33-920. The plaintiffs state candidly that they brought this action in the Superior Court in Connecticut because of our prejudgment remedy statute.[2] They point out that the prejudgment remedy laws in New York are more restrictive, and permit an attachment only in limited circumstances such as where a plaintiff can show that a defendant is fleeing the jurisdiction or committing fraud.
It was agreed, or it was brought out in oral argument on the motion to dismiss, that the parties entered into written contracts in the form of letter agreements in 1994 and 1995 in New York. The plaintiffs also claim that they entered into an "Acquisition Agreement" in April, 1997. These agreements, whether written or oral, provide that any dispute between the parties would be governed by New York law. Thus, New York law would be applied even if this case remained in this state or not because the parties are located in New York, and the contracts were entered into in New York and would have their operative effect there.
The parties are involved in obtaining and selling of mortgage loans throughout the country, including mortgages on properties located in this state. The parties sell or securitize a significant percentage of their mortgages loans to or through Greenwich Capitol Markets, Inc., an investment bank located in this state. The plaintiffs seek to attach the defendants' assets, if any, in the possession of Greenwich Capitol Markets, Inc. The plaintiffs registered to do business in Connecticut late last year just before bringing this suit, and at least until recently had no offices or employees in this state.
The plaintiffs cite General Statutes § 33-924 in support of maintaining this action here. This statute provides that a foreign, corporation authorized to do business in this state has all the rights and privileges as does a domestic corporation. It would be unreasonable to interpret this statute as requiring a Connecticut court to exercise jurisdiction over out-of-state plaintiffs suing out-of-state defendants over causes of action which arose in New York and have no connection with this state. The fact that the plaintiffs do some business in this state does CT Page 2265 not outweigh the fact that this state has no connection with or interest in the business dispute between these parties arising from contracts executed in New York and to be performed in that state.
There are several other points that have been noted. First, there is no action pending in New York between these parties. Second, the plaintiffs claim that Cityscape is in shaky financial condition with a major liquidity problem, and that it would be prejudicial for them to have to start over again in New York. Additionally, the plaintiffs contend that the defendants waited too long to file this motion, some three months after the return date. Although discovery has been engaged in, this case is in its inception because the pleadings have not been filed, no prejudgment remedy has been granted, and the hearing seeking such a remedy never began to be heard on its merits because of the pendency of this motion to dismiss.[3]
The cases cited by the plaintiffs are mostly cases where the plaintiff is a Connecticut resident or is a corporation with its principal place of business in this state. In this event, it would indeed be a rare case where the plaintiff's choice of forum would not be honored. Sabino v. Ruffolo, 19 Conn. App. 402, 410,562 A.2d 1148 (1989).
The exception is in Picketts v. International Playtex, Inc.,215 Conn. 490, 576 A.2d 518 (1990). The plaintiffs were from British Columbia. The Supreme Court stated that the defendants did not establish "so clear a balance of public interests in favor of a Canadian forum as to justify an override of the plaintiffs' choice of forum." Id., 513. In this present case, the defendants need to distinguish Picketts in order to sustain their burden of proof with respect to their motion to dismiss.
Picketts has several important distinguishing factors. The most important factor is that the defendant in that case had its principal place of business, its corporate headquarters, in Connecticut and thus "had chosen this state as the most convenient place from which to conduct their worldwide enterprises." Picketts v. International Playtex, Inc., supra,215 Conn. 496. The court also referred to this state's "strong interest in deterring a native corporation from distributing a dangerously defective product into the stream of international commerce." Id., 498. There was also a reference to "tortious conduct" occurring in this state. None of these factors is CT Page 2266 present in the case at bar. Moreover, the trial judge in Picketts
was deemed to have "wrongfully shifted the burden of persuasion onto the plaintiffs." Id., 509. This was not done in the present case, nor was there "lost sight of modern technological innovations." Id. This dismissal was not premised, as inPicketts, on whether "the chosen forum is inconvenient to potential witnesses for the defense." Id.
In conclusion, the plaintiffs are located in New York and bring this action in Connecticut only because they find our prejudgment remedy statute to be advantageous. The defendants are foreign corporations. These facts justify the granting of the motion to dismiss based on forum non conveniens. Otherwise, Connecticut courts will be open to any suits between registered foreign corporations involving contracts executed and to be performed in another state simply because the plaintiff perceives some tactical advantage in our prejudgment statute. A similar case is The Cooper Companies. Inc. v. Woodbridge Associated,Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 329693, 7 CONN. L. RPTR. 521 (October 21, 1992, Hodgson, J.). Both the plaintiff and the defendant were non-residents. The court wrote: "The business relationship — or lack thereof — between New York entities has not been demonstrated to constitute a matter of local concern; however the business between the parties may, in fact, be a matter of concern in New York, their own locale." These words are applicable to the present case.
Because the court finds that the plaintiffs' choice of forum is an improper use of our court system, already overburdened with disputes involving our own citizens and domestic corporations, the motion was granted, and a judgment of dismissal entered.
LEWIS, J.